CONTINENTAL GUMMED PRODUCTS COMPANY, INC., Plaintiff, *v.* WILLIAM FINGERHUT, Trading under the Assumed Name of MIDTOWN CUT RATE STATIONERS, et al., Defendants.

City Court of the City of New York, Special Term, Queens County, July 26, 1945.

*Ruth Gottdiener* for defendants.

*Shapiro & Schlissel* for plaintiff.

CONROY, J. This is an application for a change of venue made by the defendants.

The defendants contend that none of the parties in the action reside or have a place of business in Queens County. The plaintiff contends that this motion should be denied because the defendants have failed to comply with rule 146 of the Rules of Civil Practice in that no demand that the action be tried in the proper county was served on the plaintiff's attorney with the answer or before service of the answer.

There is no merit in the contention of the defendants' attorney that the affidavit in support of the first motion for change, which was improperly brought on in New York County, constituted the demand as provided in rule 146 of the Rules of Civil Practice.

Clearly this rule provided that a demand should first be made and an opportunity given to the plaintiff to consent to such change before a motion could be made, and therefore an affidavit accompanying a motion for a change could not be construed as the demand specified in such above-stated rule.

I believe, however, that rule 146 is not applicable to a change of venue of an action in the City Court. Section 186 of the Civil Practice Act provides that the action, even though brought in the improper county, may be tried therein unless the place of trial is changed to the proper county upon the demand of the defendant followed by the consent of the plaintiff or the order of the court. Section 48 of the New York City Court Act (L. 1926, ch. 539) makes somewhat similar provision, that if the action be brought in an improper division it may remain in said division unless the defendant make application for an order of transfer, and then the section proceeds to particularly specify the method of such application, and provides that it shall be based on the affidavit of the defendant and shall specify

the county to which the defendant desires the action to be transferred. There is no provision in this section of the City Court Act prescribing that a demand must first be made before application can be made to the court, and it would seem, therefore, that the City Court Act has specifically designated the manner in which an application should be made in the City Court, contrary to the manner prescribed in the Rules of Civil Practice, and that therefore rule 146 of the Rules of Civil Practice, which provides specifically that " the defendant in an action in the supreme court " must demand that the action be tried in the proper county, would not apply to actions in the City Court under the blanket provision of section 36 of the City Court Act. I therefore feel, because all the parties in this action are not residents of the county of Queens and have no place of business in this county, that the venue should be changed to New York County. The motion is therefore granted.

Submit order.