SAMUEL ZUCKERBROW, Plaintiff, *v.* LOMBARDY DRESSES INC., et al., Defendants.

Supreme Court, Special Term, Queens County, October 27, 1949.

*Benjamin L. Tell* for plaintiff.

*Robert E. Curran* for Lombardy Dresses Inc., defendant.

*Andrews, Baird & Shumate* for Sinclair Refining Co., defendant.

COLDEN, J. Motion by plaintiff for leave to discontinue this action.

Defendant Lombardy Dresses Inc., opposes the application on the ground that it is a subterfuge to obtain a change of venue. Plaintiff, who is a resident of Queens County, originally commenced this action in Kings County. Defendant corporations have their offices in New York County. The moving defendant, pursuant to rule 146 of the Rules of Civil Practice, demanded that the venue be changed to Queens County. When plaintiff failed to consent, said defendant made a motion for such relief, which motion was granted. On the settlement of the order thereon, plaintiff requested the court to change the venue to New York County, which request was not granted. The venue of this action is now properly in Queens County.

The only reason given in support of the present application to discontinue the action is the statement contained in an affidavit by one of plaintiff's attorneys, as follows:—"After reviewing this entire matter, your deponent is of the opinion that it is to the best interests of the plaintiff to discontinue this action at this time, and has so informed the attorneys for both defendants."

Under these circumstances, it is apparent that plaintiff is attempting to do by indirection what he has been unable to accomplish by direct action. The motion is, therefore, denied (*Janssen* v. *Whitlock*, 58 App. Div. 367; *Pressner* v. *Hines*, 181 N. Y. S. 362; Cf. *Katz* v. *Austin*, 271 App. Div. 217).

Submit order accordingly.