CRAWFORD BROTHERS, INC., Plaintiff, *v.* DONALD HOLDRIDGE, Defendant.

Supreme Court, Special Term, Onondaga County, September 6, 1955.

CROSS MOTION by defendant for change of venue.

*M. Leonard Shapero* for plaintiff.

*Joseph P. Leary* for defendant.

DEL VECCHIO, J. This is a motion by the plaintiff for an order striking out the answer and for summary judgment on a verified complaint alleging sale and delivery of merchandise in the sum

of $4,293.08, upon which there has been paid $3,600.38, leaving a balance of $692.70. Attached to the complaint is a schedule purporting to comply with section 255-a of the Civil Practice Act, listing item numbers, dates and amounts totalling $4,293.08. Defendant's verified answer contains a general denial.

In support of its motion for summary judgment, plaintiff argues that, in view of the schedule attached to the verified complaint, defendant was required by his answer to indicate specifically the items which he disputes in respect of delivery, performance, reasonable value or agreed price and that, lacking such pleading, no triable issue is presented by the answer. (See *Spiegel* v. *Fashion Play Togs*, 83 N. Y. S. 2d 762.)

This court is of the opinion, however, that the schedule accompanying the verified complaint does not satisfy the requirement of section 255-a of the Civil Practice Act that the plaintiff "set forth and number the items of his claim and the reasonable value or agreed price of each."

"The word 'items' as used in section 255-a will generally mean the particulars in such detail that the account may be readily examined and its correctness tested entry by entry." (*Innis, Pearce & Co.* v. *G. H. Poppenberg, Inc.*, 213 App. Div. 789, 790.) The schedule attached to plaintiff's complaint herein lacks any description whatsoever of the merchandise allegedly sold. Lacking such description, defendant cannot reasonably be expected to "indicate specifically" the items which he disputes.

The verified general denial presents triable issues of fact; accordingly, the motion to strike out defendant's answer and for summary judgment in favor of plaintiff is denied.

Defendant has made a cross motion for a change of venue upon the ground that Onondaga County, in which the action was commenced, is not a proper county for trial.

Rule 146 of the Rules of Civil Practice provides that if the defendant in an action in the Supreme Court wishes to change the venue of the action from that in which it has been commenced to a proper county, his attorney must serve on the plaintiff's attorney with the answer or before service of the answer, a written demand accordingly. Rule 146 then provides: "If the plaintiff fail to serve a written consent to the change as proposed by the defendant within five days after service of the demand, the defendant, *within ten days thereafter,* may serve notice of a motion to change the place of trial." (Emphasis supplied.)

The papers before the court indicate that the defendant's demand for a change of venue was served with the answer on June 9, 1955, and that the notice of motion for change of venue was not served until on or after July 14, 1955. Even granting defendant the additional three days to which he was entitled because the demand accompanying the answer was served by mail (Civ. Prac. Act, § 164; *Peerless Motor Co.* v. *Hambleton*, 219 App. Div. 268), it is obvious that the notice of motion was not timely served within the provisions of rule 146. For that reason, the motion is denied.

Motion to strike out defendant's answer and for summary judgment in favor of plaintiff, and the cross motion for change of venue are denied.

Order accordingly.