Matthew M. Levy, J.
This is a motion by defendants for an order transferring the action from the Supreme Court, New York County, to the Supreme Court, Bronx County, on the ground that all of the plaintiffs and both defendants are residents of Bronx County and therefore the action should be tried in the Bronx.
(1) By virtue of section 182 of the Civil Practice Act, “ [a]n action in the supreme court * # * must [generally] be tried in the county in which one of the parties resided at the commencement thereof ’ ’. A domestic corporation is deemed to have residence in the county where its principal office as fixed by its certificate of incorporation is located (Commercial State Bank & Trust Co. of N. Y. v. Ritz, 4 A D 2d 674, 675). “ The fact that it maintained offices in other counties for the transaction of its business does not make it a resident of such other counties.” (Carbide & Carbon Chem. Co. v. Northwest Exterminating Co., 207 Misc. 548, 550.) Both the moving and answering affidavits on this motion are made by the attorneys for the respective parties. The defendants’ attorney avers that “all of the plaintiffs herein are residents and maintained their places of business in the Borough of Bronx, City of New York.” The plaintiffs’ attorney, on the other hand, alleges that the “ principal office of the largest claimant [plaintiff] herein, Schierloh Heirs, Inc., is in New York County * * *. Its principal office is located at #241 West 72nd Street, c/o L. J. Phillips, Wood-Dolson Co., Inc. Here all its business is conducted.” Since the burden is on the moving party to present facts to justify the relief requested, and since I have not been told what the certificate of incorporation states as to the principal place of business, the motion must be denied (cf. Horstmann v. Freemire, 124 N. Y. S. 2d 243, 244). The moving party has also failed, it should be noted, to submit the pleadings or otherwise disclose the nature of the action.
(2) Opposition is also presented by plaintiffs to the granting of the motion on the ground that defendants have not complied with the provisions of rule 146 of the Rules of Civil Practice, in that they did not serve their notice of motion for the change *645 of venue within 10 days after plaintiffs had failed to consent (within the provided five days) to defendants’ demand for such change (Crawford Bros. v. Holdridge, 208 Misc. 447, 449; cf. Reichenbach v. Corn Exch. Bank Trust Co., 249 App. Div. 539, 540). The objection that the motion is not timely made is well taken and the motion is denied on this ground also.
An order accordingly has been duly filed.