Matthew M. Levy, J.
Defendant Fine moves for a change of venue from New York County to Queens. The pleadings are not submitted. The affidavits state that this is an action to recover damages for personal injuries and wrongful death by reason of alleged malpractice on the part of defendants while the deceased was a patient of defendant Fine and in the hospital of defendant Memorial. As such, it is a transitory action, and the residence of the parties, rather than the locale where the cause of action arose, is determinative (Civ. Prac, Act, I 182).
*643 Plaintiff appears to reside in Queens County. As to defendants, all that is stated is that neither ‘ ‘ is within the jurisdiction of this court What that means is not clear. Whether defendant hospital is a corporation, and, if so, what its certificate of incorporation states as to its principal place of business, is not indicated, and, for purposes of venue, that is controlling as to the crucial factum of this defendant’s residence (Circle Bake Shop v. Demand Oil Corp., 21 Misc 2d 643).
Rule 146 of the Rules of Civil Practice provides that a defendant who desires a change of venue “must serve with the answer, or before service of the answer, a written demand” therefor. Yet, there is no indication whether an answer has been interposed' — -and no statement is made as to whether the demand was served before answer or with it, and the moving party has also failed to submit a copy of the demand. Therefore, whether there has been compliance with the rule does not appear, and defendant is, in consequence, not entitled to a change of venue as of right.
Since the movant has the burden of presenting facts sufficient to warrant the relief requested, the motion must, in view of plaintiff’s objection to the change of venue, be denied (Circle Bake Shop v. Demand, Oil Corp., supra).
I must point out, however, that the principal ground of plaintiff’s opposition — that a trial may be had more quickly in New York County than in Queens — -seems fallacious insofar as the instant case is concerned. For, as the moving party correctly states, a preference — I add, at least, an automatic one — would not be- granted here (although this is a death action), since plaintiff is not a resident of this county (N. Y. County Supreme Ct. Rules, Trial Terms, rule Y, subd. 5).