Walter R. Hart, J.
Plaintiff moves for a discontinuance, without prejudice, of this action in malpractice pending in Queens County. In his moving affidavit plaintiff frankly states that it is his intention to commence a new action in New York County. He states further that the instant action was originally brought in Queéns County where he resides, instead of New York County, since he was erroneously under the impression that rule V of the New York County Supreme Court Trial Term Eules was applicable to malpractice actions and that his being a nonresident of New York County would preclude him from receiving a general preference on the Personal Injury Calendar despite the fact that some of the defendants are residents of that county; that after process was served he learned that rule Y has been interpreted to mean that it is not applicable to malpractice actions but that such actions are placed on the General Jury Calendar and reached for trial within a few months after a note of issue is filed, whereas, if the action is placed on the calendar of Queens County, the action will not be tried for about four years; and that since rule Y was not applicable the case would be tried despite the fact that he was a resident of Queens County.
Plaintiff further states that immediately after joinder of issue he moved for a change of venue to New York County, which application was denied and the order affirmed on appeal.
Defendants oppose this motion solely on the ground that the former application for a change of venue was denied. This, however, proved no bar to the granting of a similar application by the Appellate Division in Lundin v. Mittelman (281 App. Div. 894). The record on appeal in that ease discloses that there, too, a motion for a change of venue had been denied and many pretrial proceedings had, including examinations before trial of the defendants. Special Term, as a condition for the discontinuance, directed that plaintiff permanently refrain from *462 bringing any farther action. Appellants in that case in their brief cited the case of Zuckerbrow v. Lombardy Dresses (197 Misc. 39) relied on by the defendants in the instant case. Nevertheless, the Appellate Division modified the order holding that the imposition of the condition was ‘ ‘ inappropriate ’ The fact that plaintiff seeks to afford himself of an earlier trial by the commencement of a new action is no basis for the denial of the application for the relief sought.
In Granoff v. Henry Prods. Co. (279 App. Div. 747, 748) the Appellate Division of this Department stated: ‘ ‘ The fact that plaintiff intends to institute another action in Kings County where he would be entitled to a preference under rule 7 of the Kings County Supreme Trial Term Rules is not sufficient reason for denying the motion. Defendants do not seek affirmative relief, and the rights of third parties are not involved.”
The defendants here have failed to show how the discontinuance of the action and the commencement of a new one in New York County, will prejudice them. Defendants have no vested right in delay. The prior motion by plaintiff for a change of venue was made immediately after joinder of issue and it does not appear that any other pretrial procedures have been pursued by any of the parties. It is to be presumed that the defendants have been or will be compensated for resisting the appeal by the costs and taxable disbursements allowed on the affirmance of the order. The facts in this case are readily distinguishable from those recited in the opinion of Mr. Justice McDonald in Weisinger v. Berfond (21 Misc 2d 788). There it is patent that defendants would be seriously prejudiced by the discontinuance since plaintiff’s claim would continue as a cloud on defendants’ title to land.
Defendants Ginzburg and Epstein also urge that plaintiff will be confronted with the decision of Mr. Justice Levy in Koslow v. Fine (21 Misc 2d 642) to the effect that a nonresident of New York County is not entitled to a general preference in a malpractice action and that therefore plaintiff will be in a worse position. This is a calculated risk assumed by plaintiff.
Accordingly the court, in the exercise of its discretion, will grant the motion on condition that plaintiff pay taxable costs and disbursements computed as a bill of costs of a single defendant, together with the costs and taxable disbursements of the appeal.
Defendants are directed to tax costs within 10 days after service of a copy of the order with notice of entry, failing which plaintiff may pay into court the sum of $150. Settle order on notice.