John H. Galloway, Jr., J.
In this action for damages in the form of loss of anticipated profits alleged to have been sustained as a result of defendant’s cancellation of a contract under which plaintiff was to cater a wedding party for the defendant, defendant moves for a chánge of venue from the New York City Civil Court in Bronx County to this court.
Although defendant relates in the order to show cause the grounds for the change of place of trial are that Westchester County is the proper county for trial of the action and that the interests of justice1 will be served thereby, he states that the motion is based upon the ground that the convenience of material witnesses will be promoted by the change.
*331 Thus the motion must be deemed brought under the provisions of subdivision 3 of section 510 and rule 511 of the Civil Practice Law and Rules. Such a change under subdivision 3 of section 510 rests in the discretion of the court having jurisdiction to entertain the motion.
Section 306 of the New York City Civil Court Act provides generally that the procedure for a change of venue from an improper to a proper county is by motion in the City Civil Court. Since section 306 is silent on the procedure where the motion for change of venue is for the convenience of witnesses, we think the applicable rule of procedure is to be found in subdivision 3 of section 510 and rule 511 of the Civil Practice Law and Rules. In such case, as stated above, the requested change of venue rests in the court’s discretion, and it has been held that defendant must move in the county where the plaintiff in the first instance placed the venue. (Baker v. Poliak & Sons, 277 App. Div. 11.)
It follows that the motion for change of venue on the grounds asserted is improperly made in this county, and should therefore be denied. We feel we should express our doubts as to whether in any event the change of venue provisions of the Civil Practice Law and Rules are intended to be applicable for the purpose of effecting the removal of a New York City Civil Court action to the County Court of Westchester County, which would have been the effect of having granted the motion in this instance (cf. CPLR 602, subd. [b]; 325, subd. [b]; 326, pertaining to the removal and consolidation of actions in courts of limited jurisdiction). The motion is denied.