Abraham Breitbart, J.
Plaintiff heretofore instituted an action on November 20, 1963 against the defendants to recover damages for personal injuries arising out of an accident which occurred in the City of White Plains on January 27,1962. After joinder of issue plaintiff served and filed a note of issue for May 20, 1964. A jury demand was served by the defendants and the case appeared on the Jury Trial Calendar for May 18, *848 1965. An adjournment was granted and the defendants indicated their intention of moving to dismiss the complaint on the ground that this court lacked jurisdiction of the subject matter of the action.
Motions by each of the defendants under CPLR 3211 (subd. [a], par. 2) effective September 1, 1963 now pend before the court to dismiss the cause of action alleged in the complaint. It is not disputed that the plaintiff resided in the City of White Plains at the time of the commencement of the action and that the defendants were not resident in the City of New Rochelle within the contemplation of section 203 of the then existing New Rochelle City Court Act. The answers to the complaints interposed by both of the defendants were in the form of general denials and cross complaints against each other, and no objections to the jurisdiction of this court over the persons of the defendants were raised in said answers.
The defendants now contend that under the provisions of the Uniform City Court Act, effective April 1, 1965, there is no authority for this court to assume jurisdiction of an action which did not satisfy the jurisdictional requirements existing prior to the effective date of the new statute.
It is apparent that the relief sought by the defendants under CPLR 3211 (subd. [a], par. 2) is not appropriate. There can be no valid objection to the jurisdiction of the court over the subject matter of the pending action since it is clearly within the purview of section 202 of the Uniform City Court Act. At most, defendants are relegated to proceeding under CPLR 3211 (subd. [a], par. 8) on the ground that this court may have no jurisdiction of the persons of the defendants. In these circumstances the defendants have long since waived their rights to interpose any objections based on jurisdiction of the person, which is not analogous to that of the subject matter of the action in the sense that such latter jurisdiction does not exist and cannot be conferred where the action seeks relief which the court is not empowered to grant. However, jurisdiction of the person may generally be conferred by appropriate appearance or waiver, and subdivision (d) of section 213 of the Uniform City Court Act provides that nonresidence within the city, want of a regular place of employment therein or of a place for the regular transaction of business within its limits 1 ‘ shall be deemed waived by the defendant unless he raises the objection by motion or in his responsive pleading as prescribed in § 1002 of this act.”
Subdivision (b) of section 1002 of the Uniform City Court Act provides that: “ An objection based upon § 213 (a) of this *849 act, relative to residence or business within the city, shall be treated, for purposes of this section and CPLR rule 3211, as if it were an objection under CPLR rule 3211 (a) (8), relative to the court’s jurisdiction of the person of the defendant.” CPLR 3211 (subd. [e]) requires that an objection based upon paragraph 8 of subdivision (a) shall be made by motion before service of the responsive pleading or may be contained as a defense in the pleading, and if it is not so raised the objection or the defense is waived. The rule is otherwise with respect to a motion or defense based on CPLR 3211 (subd. [a], par. 2), thus making it clear that an objection based on alleged lack of jurisdiction of the person of the defendant is deemed abandoned unless timely raised as required by the statute.
The applicability of the foregoing to those eases which have been carried over from the period prior to the effective date of the Uniform City Court Act is indicated by subdivision (c) of section 2203 of the statute, which provides that “ practice and procedure in such actions and proceedings shall be as if the same were instituted after the effective date of this act.” The purport of the statute is obvious and to deny jurisdiction at this stage of the proceedings would be in derogation of the legislative intent underlying the provisions of the Uniform City Court Act.
The motions of each of the defendants to dismiss the cause of action in the complaint are denied.