Harold R. Soden, J.
This is a motion for a change of venue pursuant to CPLR 510 and 511 on the ground that the convenience of material witnesses and the ends of justice will be promoted.
The action was instituted in Civil Court of the City of New York, County of New York. Defendant Hoyt moves to change the venue from the Civil Court of the City of New York to Supreme Court, County of Franklin.
The defendant, Hoyt, proceeds on the theory that the court has jurisdiction and that the motion was properly brought in Supreme Court, County of Clinton, Fourth Judicial District, State of New York. The plaintiff contends that the court is without jurisdiction because the motion must be made in the county where the action was instituted.
If this were an action instituted in Supreme Court, a notice of motion would have to be held in the judicial district where the action was triable or in a county adjoining the county where the action is triable. (CPLR 2212.)
The CPLR is applicable to all civil judicial procedures in all courts of the State and before all Judges except where the *343 procedure is regulated by inconsistent statutes. (CPLB, 101.)
A change of venue is a legal procedure which applies to a court having two or more geographical divisions. In this motion, defendant Hoyt is endeavoring to employ a change of venue, not from one place to another within a single court, but the removal of an action from one court to a different court. The grounds for change of venue are set forth in CPLB 510 and are applicable to the Civil Court of the City of New York. However, the procedure as to which county in which the action should be commenced in New York City Civil Court is provided for in article 3 of the New York City Civil Court Act.
Procedure for a change of venue in the New York City Civil Court is governed by CCA (§ 306) rather than CPLR (511, subds. [a], [b]). It appears, therefore, that this motion should be initiated in the New York City Civil Court rather than Supreme Court. This court is without jurisdiction. (Fountainhead Caterers v. Peck, 42 Misc 2d 330; CCA, § 306.)
Motion for change of venue is denied.