Edward Robinson, Jr., J.
By stipulation of the parties, the within motion is to be treated as one for a change of venue pursuant to CPLR 510 (subd. 1).
Defendant is a domestic corporation with its principal place of business in New York County; plaintiff Bodanowie is a resident of Queens County; plaintiff General Accident is a foreign *597 corporation, authorized to do business in this State and maintains several branch offices in this State, including one in Garden City, Nassau County. The venue of this action was based upon the fact of such office in Garden City. Defendant states in an affidavit by its attorney that he ‘ ‘ upon inquiry, has learned that the Nassau County office of The General Accident Fire & Life Assurance Corp. was not designated as its principal place of business in the State of New York.”
The residence of a foreign corporation, authorized to do business in this State, pursuant to the provisions of CPLR 503 (subd. [c]) has been interpreted to mean the location of its office within the State designated in its application for authority to do business filed with the Secretary of State (General Precision v. Ametek, Inc., 24 A D 2d 757). The requirement for designating such an office in its application is found in section 1304 (subd. [a], par. [4]) of the Business Corporation Law. Such provision is expressly made not applicable to an incorporated alien insurer (Insurance Law, § 7, subd. 1, par. [2]). The requirements for the issuance of a license to an alien insurer and the content of such license are set forth in sections 40 and 42 of the Insurance Law. It should be pointed out that neither section requires the designation of the principal place of business of such corporation in the State of New York. The papers before this court do not show that any rule or regulation required plaintiff, General Accident, to designate its principal place of business in this State, nor that it in fact made such a designation.
Under the circumstances, since plaintiff General Accident Fire and Life Assurance Corp. Ltd. maintains an office in Nassau County which is handling the claim against the insured involved in this action, defendant has not sustained its burden of showing that plaintiff did not have the right to designate Nassau County as the venue of this action. (Cf. Circle Bake Shop v. Demand Oil Corp., 21 Misc 2d 643.) The motion is, therefore, denied.