Jacob Markowitz, J.
Defendants, all residents of Erie County, move, pursuant to CPLB 510 (subd. 1) and 511, for a change of venue on the ground that none of the parties was a resident of New York County at the time this action was commenced. A timely demand for a change was heretofore served by them, pursuant to CPLB 511 (subd. [a]).
Where, as here, plaintiff is a foreign corporation, authorized to transact business in the State and the cause asserted is transitory in nature, the proper venue based upon plaintiff’s place of business, pursuant to statute (CPLB 503, subd. [e]; Business Corporation Law, § 102, .subd. [10]), is the county stated in the application of such foreign corporation to transact business in the State as the location of its “ principal office ”. This statement is conclusive, though the foreign corporation does business elsewhere, or has its “ principal ” office, in fact, in another county. (Lande v. Deborah Hosp., N. Y. L. J., April *422 20,1964, p. 17, col. 1; General Precision v. Ametek, Inc., 24 A D 2d 757.) See, also, 2 Weinstein-Korn-Miller, N. Y. Civ. Prac. (par. 503.05, pp. 5-27, 5-28). “ The certificate of incorporation is generally conclusive and makes the place therein designated the exclusive residence of the corporation. Thus, it is immaterial that actual offices and places of business are maintained in other counties ”. But plaintiff did not give any New York address in its application filed in 1872 or in any amendment thereof.
Plaintiff does not dispute this, but contends, instead, that the limited definition contained in subdivision (10) of section 102 of the Business Corporation Law, is not controlling herein. The question thus presented is whether the lack of a New York address in that application precludes plaintiff from proving, as a matter of fact, that the location of its principal office is in New York County.
Under the law in effect when plaintiff’s application was filed, a foreign corporation, even though authorized to transact business within the State, was not considered a resident of the State for venue purposes (see Remington & Sherman Co. v. Niagara County Nat. Bank, 54 App. Div. 358; Taller & Cooper v. Rand, 286 App. Div. 1096). Consequently, no purpose would have been served at that time by plaintiff giving a New York address therein. The statutory provisions allowing venue to be laid in the county of residence of a foreign corporation have been in effect since 1963. It is undisputed that had plaintiff desired to designate its office in New York County as its “principal office ”, it could have done so at any time merely by filing an amendment to its application to do business in the State (Business Corporation Law, § 102, subd. [10]). Having failed to so designate any particular county in New York as the location of its principal office, it would be manifestly unjust to permit plaintiff in this instance to lay venue in New York County as the place of its principal office within the State, while being free in other cases to claim that it is a resident of the other counties of the State in which it has offices or to create the need for a hearing as to where its principal place of business is located. Indeed, the very purpose of the 1963 amendment would be defeated if plaintiff were allowed to adduce such proof.
In any event, there is no showing herein that New York County is, in fact, the location of plaintiff’s principal office. The conclusory affidavits submitted by plaintiff are insufficient for such purpose. It should be noted that plaintiff omits to mention in its moving papers that it also has offices in other counties in the State.
*423 The designated location of plaintiff’s principal office being without the State, plaintiff has no residence here, and the proper venue is, therefore, in Erie County, where defendants all reside. Accordingly, the motion is granted.