■ ZOLTAN NEUMARK et al., Appellants, v. CITY OF NEW YORK, Respondent, et al., Defendant.— Judgment dismissing plaintiffs' complaint, after a jury verdict in their favor on the issue of liability, unanimously reversed on the; law and a new trial ordered, with $50 costs and disbursements to abide the event. A jury found in favor of; plaintiffs on the issue of liability in this case involving alleged negligence on the part of the City of New York in the maintenance of its highways. The verdict should have been set aside as being against the weight of evidence. However, it is clear that the complaint should not have been dismissed. This is not a case in which plaintiffs' "evidence was so meager that in contemplation of law it could be said to be no evidence at all". (*Westbrook* v. *Green Bus Lines*, 30 A D 2d 959.) Since a new trial is to be held we would point out that the trial court committed error in excluding evidence of custom and usage. (*Kovalsky* v. *City of Watervliet*, 5 A D 2d 324.) Concur — Stevens, J. P., Steuer, Capozzoli, Tilzer and McNally, JJ.

■ PROVIDENCE WASHINGTON INSURANCE Co., Appellant, v. SQUIER CORPORATION et al., Respondents.— Order, entered on October 19, 1967, granting plaintiff's motion for reargument and, upon reargument adhering to the original decision of the court which had granted defendants' motion to change the place of trial to Erie County, unanimously reversed on the law, with $30 costs and disbursements to plaintiff, and motion for change of venue denied. Plaintiff, a foreign insurance company, has been authorized to transact business in New York State since June, 1872. When it originally filed its application to transact business here it was not required to, and did not, designate the county within this State in which its principal office was to be located. Such requirement still does not exist. Subdivision 4 of section 40 and section 42 of the Insurance Law provide for the issuance and contents of applications for licenses to foreign insurers. Nowhere in these sections is there any requirement for the designation of a New York office. Section 1304 of the Business Corporation Law, provides in part that an application for authority to do business in this State shall set forth "The city, incorporated village or town and the county within this state in which its office is to be located". However, section 7 (subd. 1, par [d]) of the Insurance Law specifically provides in part that section 1304 of the Business Corporation Law "shall not apply to an incorporated foreign insurer". Moreover, section 7 (subd. 1, par. [a]) of the Insurance Law provides that "If any provision of the business corporation law conflicts with any provision of this chapter, the provision of this chapter shall prevail". The general rule set forth in *General Precision* v. *Ametek, Inc.* (24 A D 2d 757) relied upon by respondents, has no application to the instant case which, unlike General Precision, involves a foreign insurer. Since it appears that plaintiff maintains its principal office for the conduct of its business in this State in New York County, plaintiff had the right to designate this county as the place of trial. (*General Acc. Fire & Life Assur. Corp.* v. *Allcity Ins. Co.*, 53 Misc 2d 596.) Concur — Stevens, J. P., Eager, Capozzoli, McGivern and Rabin, JJ. [54 Misc 2d 421.]