Frank X. Altimari, J.
Plaintiff, a Queens County resident, commenced this action in the District Court of Nassau County for property damage to his automobile by the service of a summons and complaint in Queens County upon the defendant who *974 is also a resident of that county, the cause ,of action arising out of an automobile collision occurring in Queens. Defendant appeared by the service of an answer which pleading was absent any attack upon the jurisdiction of the court over the defendant’s person, or the subject matter of the lawsuit.
The defendant now moves to dismiss the complaint on the ground that the court does not have jurisdiction over the parties nor of the subject matter of the action. The court disagrees. Plaintiff seeks $616.13 in damages, an amount well within the monetary limit of this court (see UDCA, § 202). Except for the limitations contained in section 1002 of the Uniform District Court Act (which are not applicable under the circumstances here disclosed) the provisions of CPLR 3211 relating to motions to dismiss bind the parties in this court. Having chosen to appear without raising the issue of the court’s jurisdiction over his person in his answer, as authorized by CPLR 3211 (subd. [a], par. 8) the defendant has waived his right to litigate that issue now. (See CPLR 3211, subd. [e]; Casden v. Broadlake Corp., 47 Misc 2d 847.)
Nor is there anything in subdivision (c) of section 404 of the Uniform District Court Act (the District Court’s “ longarm ” statute) that will aid the defendant. That subdivision provides that where, “ personal jurisdiction is based solely upon this section, an appearance does not confer such jurisdiction with respect to causes of action not arising from an act enumerated in this section. ’ ’
To the casual reader the quoted subdivision might seem applicable to the case at hand but such is not the case. It is the court’s opinion that the statute’s intent is to protect the appearing nonresident defendant from a general onslaught by the plaintiff who might seek to add 1 ‘ non-longarm ’ ’ actions by attempting to amend his complaint. It affords no sanctuary to a defendant from the cause of action alleged in the complaint with which he is served and which he chooses to defend. (Cf. Long Is. Garage Door Co. v. Stafford, 53 Misc 2d 568.)
While the court is satisfied that it has jurisdiction over both the subject matter of the action and the parties, nonetheless, the complaint is being dismissed under the doctrine of formn non conveniens. In the absence of a showing that the interests of justice will require the continuance of the action, the courts of this State as a matter of policy will refuse to entertain tort actions between nonresidents where the cause of action arose outside of the State (De La Bouillerie v. De Vienne, 300 N. Y. 60; Winters v. General Tire & Rubber Co., 13 A D 2d 470; Ætna Ins. Co. v. Creole Petroleum Corp., 27 A D 2d 518). We know *975 of no reason why this doctrine should not be invoked in this court as it pertains to nonresidents of Nassau County since the same policy considerations prevail, and accordingly it is so invoked.
Defendant’s motion is granted and the complaint is dismissed, on condition that within 30 days after the entry of the order hereon, defendant stipulates to consent to the jurisdiction of a court of appropriate jurisdiction in Queens County, to accept service of process in Queens County and appear in an action to be commenced in such court for the same relief demanded in the complaint herein. In the event of defendant’s failure to comply with the foregoing condition the motion is denied. The action in the court in Queens County is to be instituted within three months after the entry of the order hereon and compliance by the defendant with the condition imposed. (See Ætna Ins. Go. v. Creole Petroleum Corp., supra.)