OPINION OF THE COURT
Burton S. Sherman, J.
In order to avoid the intolerable result of having our burdened calendars encumbered with a Nassau County mobile accident case, this court on its own motion over-auto-shall *1064 dismiss this action under the doctrine of forum non conveniens. The reason for this rather unusual disposition at Civil Court is that there is simply no other means available within our fragmented and multitiered court system to remove this case to its proper forum. It comes about in the following manner:
The defendants move to dismiss the complaint for lack of jurisdiction or in the alternative for a change of venue from New York County to Nassau County. The action seeks property damage of approximately $2,000 resulting from an automobile accident in Nassau County. It is not denied that all the parties reside in Nassau County and that the defendants were served there personally. This service was insufficient to confer this court with in personam jurisdiction (CCA, §§ 403, 404). However, the defendants appeared voluntarily and failed to object to jurisdiction in their answer. This precludes them from raising such a defense at this time. (CPLR 3211, subd [e]; CCA, § 1002; Casden v Broadlake Corp., 47 Misc 2d 847; Suriano v Hosie, 59 Misc 2d 973; cf. CPLR 302, subd [c]; CCA, § 404, subd [c]; McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 302:26, pp 94-95.) Moreover, since it is an action for money damages of less than $10,000 this court has subject matter jurisdiction. (CCA, §§ 201, 202.) Accordingly the motion to dismiss must be denied.
The motion for a change of venue must also be denied. The venue provisions of section 301 of the CCA are only applicable within the City of New York and the Civil Court does not have the power to change the venue of an action to a county outside its jurisdiction. (Fountainhead Caterers v Peck, 42 Misc 2d 330; Seigel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, CCA, § 306.)*
*1065 Thus the Civil Court has no other means of removing this case to a proper county outside of New York City except by invoking the doctrine of forum non conveniens. Our Supreme Court has repeatedly used the doctrine in refusing to entertain out-of-State tort actions between nonresidents where it has jurisdiction within this State. (Aetna Ins. Co. v Creole Petroleum Corp., 27 AD2d 518.) By analogy, the same rationale must now be applied within our courts of limited jurisdiction to out-of-county tort actions. (Suriano v Hosie, supra; Seigel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, CCA, § 202.)
This decision and subsequent order illustrate one of the many procedural problems faced by our limited courts in attempting to bring some semblance of unity to our fragmented court system. It also illustrates the extra burden placed upon litigants caught up in this jurisdictional maze. A unified State court would eliminate this and bring order to this somewhat chaotic situation.
Be that as it may, the action is dismissed on condition that within 30 days after the entry of this order, defendants stipulate to consent to the jurisdiction of a court of appropriate jurisdiction in Nassau County, to accept service of process in Nassau County and appear in an action to be commenced in such court for the same relief demanded in the complaint herein. In the event the defendants fail to comply with the foregoing conditions the motion is denied. The action in Nassau County shall be commenced promptly after entry of the order and compliance by the defendants with the imposed conditions.

 The Supreme Court on motion may change the venue to another county because of its State-wide jurisdiction and because it is within the same court. (NY Const, art VI, § 7; CPLR art 5; 7 Carmody-Wait 2d, NY Prac, § 48:1.) While it may consolidate or remove cases from inferior courts in other counties, this is a constitutional power, implemented by the Legislature and based upon totally different considerations. (NY Const, art VI, § 19, subd a; CPLR 325, 602.) However, no extra jurisdictional authority to remove to another court or county has been bestowed upon the Civil Court with the one exception that it must transfer all cases to the Supreme Court if there is a lack of subject matter jurisdiction (NY Const, art VI, § 19, subd f). However, even there, it is implicit that the transfer be to the Supreme Court in the county where the action is brought. (Cf. CCA, §§ 212, 306; Kwoczka v Dry Dock Sav. Bank, 52 Misc 2d 67.)