OPINION OF THE COURT
Alan J. Saks, J.
Defendant’s motion for a change of venue from Bronx County to Kings County is denied.
This is a direct action for collection of first-party no-fault benefits. The plaintiffs are: (1) the physician who allegedly furnished medical services and to whom the injured party assigned his claim for recovery of the cost thereof, and (2) the law firm that represents the physician and is claiming attorney fees for representing said physician in the collection thereof.
The sole legal question presented is whether, in this type of action, the address of the law firm may be considered in determining the proper venue. Neither side has cited any authority on this point, and the case appears to be one of first impression. It is the determination of this court that the question be answered in the positive.
*281 SALIENT FACTS
The physician’s assignor resides in Kings County and there is no allegation that the principal office of the defendant is in Bronx County. Insofar as the physician is concerned, his residence, which is not disclosed, is deemed to be that of his assignor for venue purposes. (CPLR 503, subd [e]; New York City Civil Court Act [CCA], § 305, subd [a].) The law firm coplaintiff is a professional corporation with its principal office in The Bronx. In general, an action may be brought in the county in which one of the plaintiffs resides. (CPLR 503, subd [a]; CCA, § 301, subd [a].) A domestic corporation other than a common carrier is deemed to be a resident of the county in which its principal office is located. (CPLR 503, subd [c]; CCA, § 305, subd [b].) (The common carrier exception is contained in the cited CPLR section but not in the CCA. Query, whether that exception would apply in a Civil Court action.) There is no special venue provision in article 15 of the Business Corporation Law, which governs professional service corporations. The Legislature, having seen fit to carve out an explicit exception only for common carrier corporations must be presumed not to have intended to create by silence an exception for professional corporations as parties in actions generally or even in actions wherein they are suing as parties only to collect legal fees for services that in part at least predate the lawsuit. Therefore, under the rule of inclusio unius, exclusio alterius, the law firm may rely on its location in The Bronx to retain venue here.
In so holding the court cannot hide its doubt that the Legislature would have intended such a result had it been anticipated. After all, the claim of the law firm is in truth only ancillary to the claim of the injured person. If medical or other first-party benefits were not unlawfully withheld, there would be no viable claim for legal services. But, if correction is needed it must come from the Legislature.
The holding herein is limited to cases in which the law firm is an actual party plaintiff seeking recovery in its own right. It shall not be deemed to apply to those cases in which the law firm is merely demanding an award of legal fees for the suit alone.