OPINION OF THE COURT
David Goldstein, J.
This is a motion to change the place of trial of the action *618 from Queens to Kings County, where the cause of action arose.
Plaintiff is the assignee of Rosemarie Smith, who was injured in an automobile accident on May 8, 1987. The action seeks to recover for medical services rendered by plaintiff to Ms. Smith in Kings County, the assignee thereafter seeking reimbursement for such no-fault benefits from MABSTOA, sued herein as MABSTOA Insurance Co. Together with its answer, defendant served a demand to change venue to the proper place for trial, Kings County, since CCA 304 (b) and CPLR 505 (b) require that actions against the Transit Authority be brought in the county within the city where the cause of action arose. This motion was served four months after service of the answer and the demand served under CPLR 511 (a) and (b).
In opposition, plaintiff claims that the failure to move to change the place of trial, before or at the time issue was joined, is fatal, since the prevailing practice in the Civil Court requires that a motion for such relief be made "before or at joinder of issue” (CCA 306). The statute further provides that, absent a timely motion, defendant is "deemed to have waived any objection relating to proper venue”. This is far different from the procedure followed in Supreme Court actions under CPLR 511, under which a demand must be served with or before service of the answer, and prior to a motion to change the place of trial (see, Siegel, Commentary on Revision, McKinney’s Cons Laws of NY, Book 29A, CCA 306, at 79; Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, CCA 306, 1988 Pocket Part, at 67).
Thus, change of venue in Civil Court actions, it has been held, is governed by the procedure provided by the Civil Court Act, not the CPLR (Commissioners of State Ins. Fund v Hoyt, 53 Misc 2d 342; Continental Gummed Prods. Co. v Fingerhunt, 185 Misc 387; Siegel, NY Prac § 116, at 145). Here, defendant adhered to the wrong procedure but, on any rational basis, should this result in a surrender of significant legal rights where, on this record, it is patently clear that, at the time issue was joined, defendant did claim that venue was improperly laid? This is evident from the demand served with the answer. Under such circumstances, can it be said that the party "waived any objection” when it expressed its objection, timely, albeit by the wrong procedure? I think not. To so hold would unwisely exalt form over substance, contrary to the plain import of the statute, especially where, as here, defen *619 dant did notify the adverse party that it would move to change the place of trial. Such a ruling, in my view, would convert the waiver provision in CCA 306 into an irrebuttable and conclusive presumption, beyond the legislative intention provided by the statute.
In any event, under CCA 306, this court “may of its own motion”, transfer an action or proceeding to a proper county where venue is improper (Towers v Long Is. Props., 67 Misc 2d 1062; 7A Carmody-Wait 2d, NY Prac § 48:43). This is also different from the general practice followed in the Supreme Court (see, Siegel, Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, CCA 306, 1988 Pocket Part, at 68).
Here, it plainly appears that the action was brought in the wrong county. There is no real dispute that the cause of action arose in Kings County, the proper place for trial under CCA 304 (b) and CPLR 505 (b). Nor would any real or substantial prejudice result to plaintiff were it to proceed to trial a short ride away, in Kings County, where the accident occurred, the medical services rendered and the assignment to plaintiff effected. No claim is made that any witnesses would be inconvenienced by the change and, as far as appears, the only connection the action has with this county is the fact that plaintiff’s attorneys are located here, plainly an insufficient nexus for trial.
Accordingly, upon the foregoing grounds, defendant’s motion to change the venue of the action from Queens to Kings County is granted in all respects.