### (Republished.)

■ INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, Respondent, v CIGNA PROPERTY & CASUALTY INSURANCE CO. et al., Appellants, et al., Defendants.—Order, Supreme Court, New York County (Edward Greenfield, J.), entered October 4, 1989, which, *inter alia*, denied the motion by defendants CIGNA Property & Casualty Insurance Co., CIGNA Worldwide Insurance Co. (CIGNA) and Robins, Davies (London International), Ltd. (Robins) to dismiss the complaint pursuant to CPLR 327 on the ground of forum non conveniens, and which denied defendant Robins' separate motion pursuant to CPLR 3211 (a) (8) to dismiss the complaint for lack of personal jurisdiction, unanimously affirmed, with costs and disbursements.

This action was commenced by plaintiff Insurance Company of the State of Pennsylvania against two of its coinsurers and Robins, an independent London-based adjuster retained by defendant CIGNA, to recover monetary damages for the alleged mishandling of the adjustment and settlement of property damage and business interruption claims under a policy of insurance issued to New Zealand Synthetic Fuels Corp., Ltd. (Synfuels). Specifically, plaintiff's amended complaint alleged that coinsurer defendant CIGNA and loss adjustment agents Robins and Mortimer Terry had breached their fidu-

ciary duty to plaintiff and were negligent in their adjustment and settlement of the insured's claims with respect to losses incurred at its New Zealand plant, which processed natural gas into gasoline, thereby causing plaintiff to pay an excessive amount to the insured. The payment to Synfuels totaled $18,560,000, with each coinsurer, including plaintiff, thereafter paying its pro rata share. Contrary to defendants' contentions, the IAS court did not abuse its discretion in denying their respective motions to dismiss on the ground of forum non conveniens or err with respect to the corporate defendant Robins' motion based on lack of personal jurisdiction.

Specifically, defendants have failed to satisfy their heavy burden of showing that plaintiff's choice of forum should be disturbed on the ground that New York is an inconvenient forum in which to litigate this matter. The underlying dispute is not between New Zealand parties and seemingly has no effect on New Zealand's citizens since the insured has already been paid. Rather, the dispute is between two American insurance companies with offices in New York concerning the propriety of the settlement of a claim under an insurance policy issued in New York. (See, e.g., Islamic Republic v Pahlavi, 62 NY2d 474, 478; Silver v Great Am. Ins. Co., 29 NY2d 356; Corines v Dobson, 135 AD2d 390.)

Similarly, the exercise of personal jurisdiction over the corporate defendant Robins in New York pursuant to CPLR 302 (a) (1), which provides that a court may exercise jurisdiction over a nondomiciliary corporation or individual "who in person or through an agent * * * transacts any business within the state", does not offend " 'traditional notions of fair play and substantial justice' ". (International Shoe Co. v Washington, 326 US 310, 316, quoting Milliken v Meyer, 311 US 457, 463; Hanson v Denckla, 357 US 235, 253; Longines-Wittnauer Watch Co. v Barnes & Reinecke, 15 NY2d 443.) Here, codefendant Terry, in his capacity as a salaried director of Robins, admittedly attended at least three meetings in New York with the insured's representatives in connection with Robins' intensive investigation of Synfuels' insurance claim. We find this to be sufficient, in the circumstances, to satisfy the transaction of business standard. Concur—Kupferman, J. P., Sullivan, Ross, Ellerin and Wallach, JJ. [See, 160 AD2d 633.]