OPINION OF THE COURT
Martin E. Ritholtz, J.
Under the CCA, can a corporation be a resident of more than one county for venue purposes, or is it deemed to have only one legal residence, in the county in which its principal office is located? This is the underlying issue raised by the instant motion which seeks, inter alia, to change the venue of this action from Queens County to Richmond County.
The within action was brought based upon an alleged breach of contract and account stated. Plaintiff indicated on the face of the summons that venue was designated in Queens County based upon plaintiff’s residence at 47-25 34th Street, Long Island City, New York. It appears that defendant served *284 plaintiff with a "Demand for Change of Venue to Proper County”, which stated the following: "Demand is hereby made pursuant to Rule 511 of the Civil Practice Law and Rules in that the place of this cause be changed from the County of Queens, in which it has been improperly placed, to the proper county, to wit; the County of Richmond, the county where the transaction took place and the area where the defendant’s business was located.”
When more than 15 days passed since said demand was made, with no response from plaintiff, defendant moved herein to change the venue of this action from Queens County to Richmond County, upon the following grounds: "Plaintiff’s choice of venue is improper in that it has refused to show that it is a corporation with its principal place of business in Queens County * * * Moreover, the principal place of business of defendant, as well as the situs of the alleged breach of contract, all are located in Richmond County.” (See, para 5 of defense counsel’s affirmation in support of this motion, Jan. 16, 1996.)
The plaintiff opposes this motion and contends that Queens County is the proper county since "plaintiff directs payments to be made to its resident address located at 47-25 34th Street, Long Island City, Queens, New York”.
At the outset, it should be noted that the CCA has its own venue provisions and is "thus not governed by the venue-laying provisions of the CPLR.” (Siegel, NY Prac § 116, at 183 [2d ed]; Modern Thermographic Testing v MABSTOA Ins. Co., 141 Misc 2d 617.) Both the CCA and the CPLR provide that an action may be brought in the county in which one of the parties resides at the commencement thereof. (See, CCA 301 [a]; CPLR 503 [a].) In the opinion of this court, the venue provisions of the CPLR differ from the CCA regarding the residence of a corporation. CPLR 503 (c) provides that a "domestic corporation, or a foreign corporation authorized to transact business in the state, shall be deemed a resident of the county in which its principal office is located.” According to the CPLR, the sole legal residence of a domestic corporation for venue purposes is the county designated in the certificate of incorporation. (See, DeRosa v U.S. Dredging Corp., 166 AD2d 500; Saal v Claridge Hotel Casino, 152 AD2d 631.) Under the CPLR, a corporation is deemed a resident of the county in which its principal office is located, despite its maintenance of an office or facility in another county. (See, Nixon v Federated Dept. Stores, 170 AD2d 659; Papadakis v Command Bus Co., 91 AD2d 657.) Hence, pursuant to the CPLR, a corporation cannot be a resident of *285 more than one county for venue purposes. (See, McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C503:3, at 15; 2 Weinstein-Korn-Miller, NY Civ Prac H 503.06, at 5-53.)
A completely different venue provision for corporations is set forth in CCA 305 (b) as follows: "A corporation * * * shall be deemed a resident of any county wherein it transacts business, keeps an office, has an agency or is established by law.” This broader definition of a corporate residence for venue purposes is not limited to only one county, in which its principal office is located as fixed by the certificate of incorporation, but rather clearly allows for multiple residences in any county wherein it (1) transacts business, or (2) keeps an office, not necessarily its principal office, or (3) has an agency, or (4) is established by law. An analytical juxtaposition of the two venue provisions makes the contrast obvious, and CCA 305 (b) was never meant to be confused with CPLR 503 (c). (See, 20 Carmody-Wait 2d, Actions By and Against Corporations § 121:91.) In fact, Professor Siegel alludes to the theoretical possibility of laying the venue in more than one county, in the case of "multi-office corporate plaintiffs”, as a means of harassment, which is only precluded by the "consumer credit transaction” amendment of CCA 301 (a). (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, CCA 301, at 98-99.) To the extent that Shafer v Allstate Ins. Co. (116 Misc 2d 280, 281) limits the venue of a domestic corporation under the CCA, and like the CPLR deems it to be only a resident of the county in which its principal office is located, this court differs from any such comparison as set forth above.
In light of the foregoing, the court finds that the defense counsel’s premise is wrong, and plaintiff’s purported refusal to show that it is a corporation with its principal place of business in Queens County cannot serve as a basis for a change of venue.
Furthermore, CCA 306 provides, inter alia, that the defendant "must state under oath facts showing that ground exists for such transfer.” The defendant has not sustained its burden of showing that the plaintiff did not have the right to designate Queens County as the venue of this action. (See, Bradley v Plaisted, 277 App Div 620, 621, lv denied 278 App Div 727; General Acc. Fire & Life Assur. Corp. v Allcity Ins. Co., 53 Misc 2d 596, 597; Circle Bake Shop v Demand Oil Corp., 21 Misc 2d 643; Koslow v Fine, 21 Misc 2d 642; 7A Carmody-Wait 2d, Place of Trial § 48:51.) On the contrary, plaintiff has submitted evi *286 dence, in the form of invoices annexed to its opposition papers, indicating that it transacts business and keeps an office in Long Island City, Queens, thereby establishing that Queens County is the proper venue in accordance with CCA 305 (b).
Accordingly, the branch of this motion seeking to change the venue of the action from Queens County to Richmond County is denied.
Finally, the court also denies the remaining branches of this motion. The branch seeking preclusion against plaintiff based on its purported failure to respond to defendant’s demand for bill of particulars, dated September 11, 1995, is denied as being moot. It appears that plaintiff has furnished defendant with a verified bill of particulars, dated January 29, 1996, which, in the opinion of the court, is sufficiently responsive. (See, Hughs v Gold, 125 AD2d 366.) The last branch seeking the imposition of costs against plaintiff is denied as being unwarranted under the circumstances herein.