*856 OPINION OF THE COURT
Martin E. Ritholtz, J.
To what extent, if any, may the doctrine of forum non conveniens serve as the basis for the dismissal of an action pending in the Civil Court of the City of New York, Queens County, when it is alleged that the more convenient forum is in Suffolk County? There appears to be no appellate authority on this issue, and the only two officially reported lower court opinions allowing for such dismissal, which are two decades old, would appear to be contrary to recent appellate developments, and are further clearly distinguishable from the immediate issue facing the court.
The defendant moves herein, pursuant to CPLR 327, to dismiss the action to recover no-fault benefits relating to the purported nonpayment of a bill and claim in the amount of $829, based on the doctrine of forum non conveniens. According to the defendant, this action has no nexus with Queens County, since the plaintiff’s assignor Ida Harvell resides in Suffolk County, the medical services were rendered by the plaintiff assignee in Suffolk County, and the "defendant’s claims office handling the matter is located in Nassau County”. Under these circumstances, the defendant argues, the appropriate forum is in Suffolk County, and therefore this action must be dismissed, as the court lacks the power to change venue to a county outside its jurisdiction (see, Personnel Career Servs. v Pizza Huts, 149 Misc 2d 729).
At the outset it is important to note that it is conceded that the defendant transacts business and maintains a claims office in Queens County. Pursuant to CCA 305 (b), the defendant is deemed a resident of Queens County, and for the purposes of this motion, the court would appear to have personal and subject matter jurisdiction (see, Chehebar v State Farm Ins. Co., NYLJ, June 27, 1996, at 29, col 6; City & Suburban Delivery Sys. v Green’s Cards & Gifts, 167 Misc 2d 283).
Nevertheless, when CPLR 327 was proposed as a codification of the forum non conveniens doctrine set forth in Silver v Great Am. Ins. Co. (29 NY2d 356), its purpose was enunciated as follows: "Under this equitable doctrine, a court, even though it has jurisdiction, can decline to entertain the suit if it finds, upon examining all the relevant factors of private inconvenience and public interest, that the forum is seriously inconvenient for the trial of the action and that a more appropriate forum is available” (see, 10th Ann Report of Jud Conf on CPLR, *857 reprinted in 18th Ann Report of NY Jud Conf, appendix D, at A48). The court need not review the historical underpinnings of this doctrine which was originally known as forum non competens, as it has been extensively treated in a number of law reviews (see, Barrett, The Doctrine of Forum Non Conveniens, 35 Cal L Rev 380; Blair, The Doctrine of Forum Non Conveniens in Anglo-American Law, 29 Colum L Rev 1; Note, Developments — State-Court Jurisdiction, 73 Harv L Rev 909; Note, A Novel Application of Forum Non Conveniens, 49 Alb L Rev 528). Suffice it to say that CPLR 327 is generally applied only by the New York State Supreme Court, enabling it to refuse to entertain out-of-State actions, involving nonresidents, where it otherwise has jurisdiction (see, 1 Carmody-Wait 2d, NY Prac § 2:64, at 112). In the absence of authority to transfer an action from one State to another, the granting of a forum non conveniens motion leads to a dismissal of the case. However, the New York State Supreme Court has the authority, pursuant to CPLR 510 (3), to transfer the venue of an action within the State from one county to another where "the convenience of material witnesses and the ends of justice will be promoted by the change.” This mirrors the classical forum non conveniens standard as set forth in Koster v Lumbermens Mut. Co. (330 US 518, 527 [1947]): "[The] ultimate inquiry is where trial will best serve the convenience of the parties and the ends of justice.” Since the New York State Supreme Court has general State-wide jurisdiction there is no need for a forum non conveniens dismissal in order to effectuate a transfer of venue from one county to another.
What then is the authority for the New York City Civil Court, a court of limited jurisdiction, to dismiss an action when pending in a county of the City of New York, based on forum non conveniens, so that it may be reinstituted in a more convenient county outside of the City of New York, e.g., in Suffolk County? A study of the language of CPLR 327 (a) clearly indicates that it was originally intended to be applied only for out-of-State situations: "When the court finds that in the interest of substantial justice the action should be heard in another forum, the court, on the motion of any party, may stay or dismiss the action in whole or in part on any conditions that may be just. The domicile or residence in this state of any party to the action shall not preclude the court from staying or dismissing the action” (emphasis added). Conspicuous in its absence is any mention in CPLR 327 (a) of "domicile or residence in a county of this state”, nor is there any authority in *858 the CCA allowing for a forum non conveniens intrastate dismissal. The only authority cited by the legal commentaries for the application of the doctrine of forum non conveniens in the lower courts is the sparse case law of Suriano v Hosie (59 Misc 2d 973) and Roseman v McAvoy (92 Misc 2d 1063; see, Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, CCA 301, at 100; Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, UDCA 202, at 463; 1 Carmody-Wait 2d, NY Prac § 2:64, at 112). Both of these cases involve serious personal jurisdictional questions which were waived, and had no nexus whatsoever with their respective counties in that none of the parties resided in the subject forum and the causes of action arose outside said forum. As noted earlier, the matter before this court involves a defendant who is a resident of Queens County and is therefore distinguishable from the two cases cited above. Furthermore, in both cases, the court sua sponte applied the doctrine of forum non conveniens without any authority to do so (see, VSL Corp. v Dunes Hotels & Casinos, 70 NY2d 948; Matter of Bernz, 139 AD2d 444). Finally, even though the Roseman case was decided in 1978, no reference whatsoever is made of CPLR 327, which had been in effect since 1972.
Instead of relying on questionable precedent for the continued application of the doctrine of forum non conveniens in the lower courts, perhaps the Legislature might consider amending the second sentence in CPLR 327 (a) to read, "the domicile or residence in a county of the state, etc.,” or, in the alternative, enacting specific "forum non conveniens” sections in various lower court acts.
Even assuming that the doctrine of "forum non conveniens” may be invoked by the New York City Civil Court, the defendant has failed to satisfy its "heavy burden” of showing that plaintiff’s choice of forum should be disturbed on the ground that Queens County is an inconvenient forum in which to litigate this matter (see, Banco Ambrosiano v Artoc Bank & Trust, 62 NY2d 65, 74; Insurance Co. v CIGNA Prop. & Cas. Ins. Co., 162 AD2d 390; Highgate Pictures v De Paul, 153 AD2d 126). It is well settled that "unless the balance is strongly in favor of the defendant, the plaintiff’s choice of forum should rarely be disturbed” (see, Gulf Oil Corp. v Gilbert, 330 US 501, 508; Waterways Ltd. v Barclays Bank, 174 AD2d 324, 327; Temple v Temple, 97 AD2d 757). The burden rests upon the defendant challenging the forum to demonstrate relevant private or public interest factors which militate against litigation go *859 ing forward in this county (see, Islamic Republic v Pahlavi, 62 NY2d 474, 479, cert denied 469 US 1108; Stamm v Deloitte & Touche, 202 AD2d 413; Neville v Anglo Am. Mgt. Corp., 191 AD2d 240; Corines v Dobson, 135 AD2d 390). Among the factors which the court must weigh in deciding a motion to dismiss on such grounds are the residency of the parties, the potential hardship to proposed witnesses and the burden which will be imposed upon Queens Civil Court, with no single factor controlling (see, Stamm v Deloitte & Touche, 202 AD2d, supra, at 414). A court’s failure to take into account the various relevant factors entitled to consideration may be grounds for reversal (see, H & J Blits v Blits, 65 NY2d 1014). While defendant’s residence in Queens County is not a determinative factor, it is an important one (see, Bock v Rockwell Mfg. Co., 151 AD2d 629, 630; also see, Yoshida Print. Co. v Aiba, 213 AD2d 275). The defendant has failed to identify any nonparty witness who resides in Suffolk County and would be inconvenienced by a trial in Queens County (see, Bock v Rockwell Mfg. Co., 151 AD2d, supra, at 630; O’Connor v Bonanza Intl., 129 AD2d 569). Nor has defendant indicated how the drive from Suffolk County to Queens County is any more unduly burdensome than the drive from New Jersey to New York City, which was found not to be a sufficient factor to warrant a forum non conveniens dismissal (see, Brodherson v Ponte & Sons, 209 AD2d 276). Moreover, defendant failed to make any showing with respect to the materiality of the testimony of prospective witnesses, and could not demonstrate that the testimony would be unobtainable here in Queens County (see, Anagnostou v Stifel, 204 AD2d 61, 62; also see, Yoshida Print. Co. v Aiba, 213 AD2d 275, supra). Finally, the subject action seeking to recover no-fault benefits is a basic, uncomplicated dispute of the type resolved in this court on a frequent and expeditious basis, and, therefore, the burden of this action on the Queens Civil Court is minor (see, Sambee Corp. v Moustafa, 216 AD2d 196, 198). The fact that defendant is present on a regular basis in this court as a plaintiff in the furtherance of its business belies any allegations of serious inconvenience (see, Irrigation & Indus. Dev. Corp. v Indag, 37 NY2d 522). As a final footnote, the court rejects defendant’s contention that the location of the claims office handling this matter in Nassau County is a further source of inconvenience. The court is of the opinion that which claims office the defendant assigns this case to is irrelevant. The defendant has numerous claims offices throughout New York State and can assign cases to them at will.
*860 In sum, the court finds that defendant’s forum non conveniens argument is unavailing, and, thus, the instant motion seeking to dismiss the complaint on that basis is denied in its entirety.