OPINION OF THE COURT
Norma Ruiz, J.
The above cases, each of which is before this court upon unrelated applications by the same defendant, American Transit Insurance Co., for a change of venue, have been consolidated, sua sponte, for the limited purpose of this decision. Each case *497 arises from actions by health services providers, Neurologic Services, P. C., Skymed Medical, P. C. and Argos Medical, P. C., suing as assignees of defendant’s insureds to recover for no-fault benefits allegedly rendered to plaintiffs’ assignees.
In each action, none of the plaintiffs’ assignors were Bronx County residents. The plaintiff in each action alleges that the issuance of insurance policies by the defendant to Bronx residents is sufficient to fix venue in this county for trial, pursuant to CCA 305 (b).
The defendant contends that venue is improperly placed since American Transit does not transact business in the Bronx. Rather, the defendant seeks to change venue to the county of residence of the respective assignors (i.e., Kings, Queens and Richmond Counties), citing CCA 305 (a) as controlling authority.
The defendant’s contention that the “transacting business” clause of CCA 305 (b) must be read in conjunction with the jurisdictional provisions of CPLR 302 (a) (1) is without merit.
There should be no doubt that the purpose of CPLR 302— New York’s “long-arm” statute — was to confer in personam jurisdiction over nondomiciliaries. Venue, on the other hand, assumes that the court has both subject matter and personal jurisdiction. Venue merely concerns itself with the situs of the trial (Siegel, NY Prac §§ 80, 116 [2d ed]).
It should be noted that procedure within the New York City Civil Court is governed by the Civil Court Act. While the CPLR applies only where it is not inconsistent with the CCA, to the extent that the CCA has its own venue laying provisions, we may not look to the CPLR for statutory authority (Modern Thermographic v MABSTOA Ins. Co., 141 Misc 2d 617; Siegel, op. cit, §§ 19, 116).
In fact, the CCA permits a change of venue only where an improper county has been selected. The Act does not allow a change due to inconvenience of witnesses or the inability to obtain an impartial trial (CCA 306; 29 NY Jur 2d, Courts and Judges, § 1048; Suffolk Chiropractic Ctr. v GEICO Ins. Co., 171 Misc 2d 855).
Thus, in assessing whether venue was properly placed in the instant matters, we must look to CCA 301 (a) and 305 (b) for guidance.
CCA 301 (a) states that an action may be brought “in the county in which one of the parties resides at the commencement thereof.”
*498 Unlike CPLR 503 (c), which relegates a corporate residence to the county wherein the principal office is located, CCA 305 (b) deems a corporate residence in any county “wherein it transacts business, keeps an office, has an agency or is established by law.” (See, City & Suburban Delivery Sys. v Green’s Cards & Gifts, 167 Misc 2d 283.) Thus, under the CCA, a corporate entity may be considered a resident of the entire City of New York, susceptible to being sued in any of its five counties.
In this regard, “transacts business” under the CCA is concerned with the residence of a party for venue laying purposes only and not as the predicate for in personam jurisdiction. (McGowan v Smith, 52 NY2d 268.)
Therefore, under the statutory authority of the CCA, the plaintiff has properly placed venue. A “plaintiff who has designated a proper venue is under no obligation to make a showing that the county designated is in any way preferable to the one in which the change is sought” (Cardona v Aggressive Heating, 180 AD2d 572, 573; Banco Ambrosiano v Artoc Bank & Trust, 62 NY2d 65; Insurance Co. v CIGNA Prop. & Cas. Ins. Co., 162 AD2d 390; Highgate Pictures v De Paul, 153 AD2d 126). “[U]nless the balance is strongly in favor of the defendant, the plaintiffs choice of forum should rarely be disturbed.” (Gulf Oil Corp. v Gilbert, 330 US 501, 508; Bata v Bata, 304 NY 51; Hacohen v Bolliger Ltd., 108 AD2d 357; Waterways Ltd. v Barclays Bank, 174 AD2d 324.)
Despite the fact that the defendant maintains an office in New York County, the issuance of insurance policies to Bronx residents is sufficient transaction of business to qualify the defendant as a Bronx resident for venue laying purposes.
Accordingly, the defendant’s motion for a change of venue is denied in all respects.