*Appointment of the surrogate's brother as guardian ad litem.*

The fact that the guardian *ad litem* appointed by a surrogate for an infant party is a brother of the surrogate does not disqualify the surrogate from hearing and deciding a proceeding, involving the validity of a will or its admissibility to probate, in which the infant is represented by such guardian *ad litem*

APPEAL by the petitioner, David S. Van Wagonen, from an order of the Surrogate's Court of Ulster county, filed in the office of the surrogate on the 19th day of July, 1892, denying his motion to set aside and revoke the probate of the will of William Van Wagonen, Jr.

*G. D. B. Hasbrouck,* for D. S. Van Wagonen, appellant.

*D. B. Deyo,* for the executor.

*A. T. Clearwater,* for the respondent.

MAYHAM, P. J. :

Only one point seems to be urged on this appeal for the reversal of the order of the surrogate denying the motion to set aside and vacate the decree of the surrogate admitting the will of the deceased to probate, and that is that the guardian *ad litem* appointed by the surrogate on the probate of the will is the brother of the surrogate before whom such will was propounded for and admitted to probate. The evidence taken before the surrogate on the proof of the will has not been returned, and this court is not called upon to look into the merits of the question as to whether or not the will was properly admitted to probate on the proofs.

Were the proceedings vitiated or rendered illegal by reason of the appointment of the brother of the surrogate as special guardian? Section 46 of the Code of Civil Procedure provides: " A judge shall not sit * * * or take any part in * * * matter * * * " in which he would be excluded from being a juror by reason of consanguinity or affinity to either of the parties.

This provision would not in terms exclude the surrogate in this case unless the special guardian is a party in the sense in which the word " party " is used in that section. While the guardian repre-

sents the infant in person and in interest, I think it cannot be maintained that he is the party within the meaning of section 46 above referred to.

The infant, after the guardian is appointed, still remains and retains all the interest in the matter in controversy, and is represented by the guardian, who is the officer of the court and not the party in interest.

None of the fruits of the litigation belong to him, nor is he personally liable for any of the consequences of the controversy, and is really no more a party than the attorney who prosecutes or defends in the interest of the party whom he represents.

The only qualification required is that the person appointed shall be competent and responsible. (Code Civ. Pro. § 2530.) It is true that by section 2529 of the Code of Civil Procedure certain persons therein named are prohibited by reason of business relations, or kinship, from practicing before a surrogate, but this inhibition does not extend to a brother of the surrogate.

Whatever may be said of the ethics of a judicial officer's appointment of a near kinsman to a position within the gift of such officer, we do not think that this appointment by the surrogate of his brother as special guardian of an infant litigant, in his court, comes within any of the statutory prohibitions, or of any statute which disqualifies the surrogate from hearing and deciding as to the validity of the will in question, or as to its admissibility to probate.

The correctness of the conclusion of the surrogate upon the merits of this case, not being assailed on this appeal, this court should not interfere to set aside the decree unless some positive violation of law affecting the jurisdiction of the surrogate to make the decree is apparent.

The guardian being only an officer of the court and not a party in the statutory sense of that term, we think the surrogate had jurisdiction to hear and determine the case.

In the *Matter of Hopper, a Lunatic* (5 Paige, 489), the Court of Chancery held that a vice-chancellor might appoint his own son the committee of a lunatic, and as such committee was an officer of the court, and had no personal interest in the subject of the litigation, the case did not come within the provisions of section 2, 2 Revised Statutes, 275, prohibiting a judge from acting as such in a

suit in which he is a party, or in which he is interested, or when he is related to either of the parties by affinity or consanguinity.

In *Underhill* v. *Dennis* (9 Paige, 202), it was held that a surrogate might appoint a guardian for an infant in proceedings pending before the surrogate, although the guardian so appointed was a relative of the surrogate, on the ground that such guardian was the officer of the court, and had no personal interest as a party.

I find nothing in the Code which renders a special guardian appointed by the surrogate in proceedings before him, any less an officer of the court, or any more a party, than such guardian was under the Revised Statutes, and am, therefore, clearly of the opinion that the objection, that the surrogate was disqualified from hearing and deciding this case, cannot prevail.

The order appealed from must be affirmed, with costs and printing disbursements.

PUTNAM and HERRICK, JJ., concurred.

Order affirmed, with costs and disbursements.