■ CAROLYN MAIELLO, an Infant, by Her Guardian ad Litem, JOSEPH MAIELLO, et al., Respondents, v. DAVID W. JOHNSON et al., Appellants.— REYNOLDS, J. Appeal from an order and judgment of the Supreme Court, Saratoga County. Respondent Carolyn Maiello, by her father as guardian ad litem, and her father individually recovered jury verdicts, Carolyn for personal injuries sustained in an automoble accident and her father in a derivative action for expenses and loss of services. Subsequently it was discovered that one of the jurors was related to the father within the sixth degree of affinity and to respondent Carolyn Maiello in the seventh degree. Appellants thereupon moved to set aside both verdicts. The court below granted the motion as to the father's verdict but denied it as to the verdict of respondent Carolyn Maiello, and it is from this denial that the present appeal is brought. CPLR 4110 (subd. [b]) only disqualifies from sitting as a juror a person "related within the sixth degree by consanguinity or affinity to a party." Admittedly the juror in question was not so related to respondent Carolyn Maiello. Appellant urges, however, that the father in his capacity as guardian ad litem was a "party" and that, therefore, CPLR 4110 (subd. [b]) also mandates the juror's disqualification in the action here involved. We

cannot agree. We find no more compelling reason to hold that a guardian ad litem is a "party" here than if rules concerning the filing of a notice of claim (*Murphy* v. *Village of Fort Edward*, 213 N. Y. 397); venue (*Levey* v. *United States Life Ins. Co.*, 259 App. Div. 909, mot. for lv. to app. den. 262 App. Div. 711); or intervention (*Behlen* v. *Behlen*, 73 App. Div. 143 [guardian could intervene, but not as a party]) were involved. While a guardian represents the interest of the infant, he is no more a party to the case than is an attorney representing his client (*Matter of Van Wagonen*, 69 Hun 365). Appellants also urge that the juror's exclusion from the father's case left only 11 qualified jurors for the combined case thus rendering the verdict in question a nullity under the holding in *Measeck* v. *Noble* (9 A D 2d 19). This argument, however, ignores the fact that involved here are two separate and distinct actions. The disqualification of a juror as to one action would not, therefore, necessitate as a matter of law his disqualification in the other. Thus we find no basis upon which to hold that disqualification of the juror was mandatory in the present case. Additionally we find no merit in the other grounds for a mistrial advanced by appellants. Order and judgment affirmed, with costs. Herlihy, J. P., Taylor, Aulisi and Hamm, JJ., concur.