Per Curiam.

Defendants appeal from two separate orders which denied their motions for a change of venue. The actions for goods sold and delivered were brought in the Nassau County District Court. After joinder of issue defendants moved for a change of venue to the New York City Civil Court in Queens County.
While the New York State Constitution (art. VI, § 19, subd. i) provides that: “As may be provided by law, the district court * * * may transfer any action * * * to any court, other than the county court or the surrogate’s court or the family court or the supreme court, having jurisdiction of the subject matter in the same or an adjoining county”, we have interpreted this constitutional provision as requiring statutory authority for the removal of a case from the Nassau County District Court to the Civil Court of New York City, albeit *587 Queens County adjoins Nassau (Bryn Mawr Ridge v. Schecter, March 1969 Term).
Section 306 of the Uniform District Court Act which governs change of venue, only authorizes transfers to another District Court in the county. We find no statutory authority to support defendants’ contention despite the fact the plaintiffs are in Suffolk County and the transaction occurred in Queens.
Under all the circumstances, the orders should be affirmed.
Concur — Hogan, J. P., Pittoni and McCullough, JJ.
Orders affirmed, with $10 costs in each appeal.