OPINION OF THE COURT

Per Curiam.

Order dated January 24, 1983 reversed, with $10 costs, defendant’s motion granted, and action dismissed without prejudice to recommencement in Nassau County.
Manuel Gonzalez, a New York County resident, was injured in an auto accident involving one of defendant Avis Corporation’s cars. He received medical treatment at a cost of $550 and assigned his right to collect against the self-insurer, Avis, to plaintiff Medicorp, a New Jersey corporation. The other named plaintiff, the sole respondent on this appeal, is a professional corporation of attorneys, hired by Medicorp to collect the no-fault benefits at issue. The *814 corporation attorneys seek $3,000 as the reasonable fee for collecting their client’s claim. The action was begun in Bronx County, the county where plaintiff attorneys have their offices.
A transitory action shall be brought “in the county in which one of the parties resides” (CCA 301, subd [a]). If a plaintiff is an assignee of the cause of action (as Medicorp is here), the assignor’s residence (New York County) is the determining factor for venue purposes (CCA 305, subd [a]). Defendant Avis maintains its residence and principal place of business in Nassau County. Thus, only if respondent attorneys qualify as “one of the parties” could the action properly lie in Bronx County. The court below, upon reargument of a prior order entered against plaintiffs, concluded that the law firm possesses a “direct and independent” action for legal fees under the no-fault statute, and that venue could be premised upon the firm’s Bronx residence. We disagree.
Generally, an attorney who renders a service has “nothing more than a contract claim” unless the client has assigned a portion or the whole of the recovery proceeds to him. Only by such an assignment does the attorney acquire a vested, independent property interest in the subject matter of the action (People v Keeffe, 50 NY2d 149, 155-156). In Maiello v Johnson (24 AD2d 914, 915), the court in discussing the status of a guardian appointed to represent an infant’s interest, noted, “he [guardian] is no more a party to the case than is an attorney representing his client”. Subdivision 1 of section 675 of the Insurance Law requires an insurance carrier to pay first-party benefits to an injured party within 30 days after the claimant supplies proof of loss, else the claim is rendered “overdue”. When a valid claim is “overdue”, “the claimant shall * * * be entitled to recover his attorney’s reasonable fee, for services necessarily performed in connection with securing payment of the overdue claim” (emphasis added). No independent right would seem to reside in the attorney to collect that fee, apart and independent of the claimant. The statutory provision was enacted not to benefit attorneys, but to aid claimants who, absent the statute, would be liable for their own attorney’s fees. Plaintiff attorneys are not inde *815 pendent parties to the action entitled to lay venue upon the location of their own office.
Plaintiffs having brought the action in the wrong county, we would ordinarily transfer it to the proper county of defendant’s choice (CCA 306). However, CCA (art 3) “is concerned only with venue within the Civil Court and changes of venue from one county to another between and among the five counties which comprise the Civil Court” (Siegel, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, Judiciary — Court Acts, CCA 306, 1983-1984 Pocket Part, p 54). Article 3 is not authority for transferring an action from one court to another, that is, from the Civil Court in New York County to the District Court in Nassau County. Nor is there any other express statutory authority which would authorize removal of this action from the New York City Civil Court to the Nassau County District Court (NY Const, art VI, § 19, subd h; DeLea v Clinco, 63 Misc 2d 586). Accordingly, we dismiss the action without prejudice to its recommencement in Nassau County.
Sullivan, J. P., Sandifer and Parness, JJ., concur.