OPINION OF THE COURT
Thomas P. Aliotta, J.
This is an action to recover a secured interest worth $12,231.82 from defendant Motor Age Inc. (hereinafter referred to as Motor Age) which allegedly converted defendant Island Speed Auto Supplies, Inc.’s inventory in which plaintiff claims it holds a primary security interest. Defendant Motor Age moves to dismiss the sixth and only cause of action against it upon the ground that the court lacks in personam jurisdiction. In the alternative, defendant moves to vacate the notice of trial filed by plaintiff and strike the action from the Trial Calendar, upon the grounds that plaintiff has not complied with a demand for a bill of particulars and Motor Age has not had an adequate opportunity to conduct discovery. Plaintiff has filed opposing papers.
CCA 404 (a) permits the court to exercise personal jurisdiction over any nonresident of the City of New York if a cause of action arises from any of the enumerated acts listed in the section. Pursuant to CCA 404 (d) a corporation shall be deemed a nonresident of the City of New York if service of the summons cannot be effected by personal delivery within the City limits so as to acquire in personam jurisdiction. If CCA 404 (d) is satisfied, then under CCA 404 (a) personal jurisdiction over the nonresident may be exercised in the same manner as if he or she were a domiciliary of the State and a resident of the City of New York.
*383 The affidavit of Marion Romano, vice-president for office operations of Motor Age indicates that, "[a]t the time the summons in this action was sent to the Secretary of State, Motor Age maintained no office or place of business within the City of New York”. Her statement demonstrates that plaintiff could not effect personal delivery within the City limits and therefore Motor Age is deemed a nonresident of the City pursuant to CCA 404 (d). This court may therefore exercise personal jurisdiction over Motor Age under CCA 404 (a) (2) on the alleged cause of action for conversion occurring within the City limits.
Motor Age’s assertion that Business Corporation Law § 306 (c) prohibits substituted service upon the Secretary of State in courts of limited jurisdiction is incorrect. Business Corporation Law § 306 (c) states: "If an action or special proceeding is instituted in a court of limited jurisdiction, service of process may be made in the manner provided in this section if the office of the domestic or foreign corporation is within the territorial jurisdiction of the court.” (Emphasis added.)
In other words, if the office of the domestic or foreign corporation is within the territorial jurisdiction of the court, in this case New York City, then the plaintiff is permitted to serve the Secretary of State as prescribed by Business Corporation Law § 306 (b). The statute does not, however, preclude plaintiff from this type of substituted service if the provisions of CCA 404 are satisfied.
Plaintiff’s utilization of CCA 404 demonstrates the strength of the City of New York’s long-arm statute. While CCA 404 (a) and (d) create the fictional circumstances allowing this court to exercise personal jurisdiction over the nonresident if certain conditions are satisfied, CCA 404 (b) provides that the method of service may be made in such manner and at such place, regardless of City or State lines, as would confer jurisdiction on Supreme Court in a like ease. If this action were brought in Supreme Court, then plaintiff would be permitted to serve the Secretary of State as an agent of the corporation pursuant to Business Corporation Law § 306 (b). Likewise, CCA 404 permits plaintiff to sidestep the limitations established under Business Corporation Law § 306 (c) and apply Business Corporation Law § 306 (b) as the method of service to obtain personal jurisdiction over Motor Age.
Motor Age’s motion to dismiss upon the ground that the court lacks in personam jurisdiction is accordingly denied.
*384 Motor Age’s motion to vacate the notice of trial and strike the action from the calendar is also denied.
The court record reflects that Motor Age served plaintiff with an answer on November 13, 1991 and filed it with this court on November 18, 1991. Motor Age has never served a demand for a bill of particulars in this action. Motor Age cannot move to strike by asserting that plaintiff failed to answer the demand for a bill of particulars served by another defendant.
The trial of this matter is hereby scheduled for September 21, 1992.