*137 OPINION OF THE COURT
Bernard S. Greenbaum, J.
Plaintiffs commenced this action setting forth three causes of action: by the assignee (1) to recover for unpaid no-fault medical benefits; (2) an account stated for the amount of such unpaid benefits; and by the plaintiff law firm (3) to recover attorneys’ fees.
Defendant now moves: (1) to dismiss the first and second causes of action based on CPLR 3211 (a) (8), in that the court does not have personal jurisdiction over the defendant as there is no nexus with New York City; and (2) to dismiss the third cause of action based on CPLR 3211 (a) (2), in that the court does not have subject matter jurisdiction since there is no independent cause of action in the law firm for attorney’s fees under the No-Fault Insurance Law. In the alternative, defendant requests that the notice of trial be vacated and disclosure compelled.
Defendant’s counsel contends that on September 24, plaintiff’s assignor, Thomas Pellegrino, sustained injuries in a motor vehicle accident which occurred in Nassau County. Medical services were rendered to the assignor in Nassau County and the assignor resides in Nassau County. The State Farm claims office handling this claim is located in Nassau County. However, plaintiff’s law firm is located in Far Rockaway, Queens County.
Plaintiffs oppose the motion by stipulating that the cause of action for attorney fees lies with the provider, not the attorney. Therefore, the New York City Civil Court Act confers jurisdiction since the defendant is a resident of New York City doing business therein. The City of New York is one county for the purposes of jurisdiction.
Plaintiffs also contend that the motion is deficient as it is not supported by affidavits with respect to the facts asserted by defendant’s counsel. As to the compelling of disclosure, plaintiffs assert that they are not in control of the assignor and have no way to compel the assignor to sign the authorizations demanded.
This court finds that the defendant’s motion to dismiss the first and second causes of action pursuant to CPLR 3211 (a) (8) and the third cause of action pursuant to CPLR 3211 (a) (2) is hereby granted and the complaint is dismissed in its entirety. The dismissal is without prejudice to the commencement of an action in a court of appropriate jurisdiction.
*138 Initially, this court notes that no affidavits by a person with personal knowledge of the statements made by counsel for each side have been submitted. However, the exhibits submitted by defendant’s counsel provide some support for his statements that the following have a nexus outside New York City: the residence of the assignor, the site of the accident, and the location where medical services were rendered.
The plaintiffs’ attorney does not deny any of these statements which would clearly be within the plaintiffs’ knowledge. While plaintiffs’ counsel’s statement that the defendant does business in New York City is not refuted by defendant, the mere fact that defendant has a Queens County location does not, in and of itself, confer jurisdiction upon this court, especially where the claims office handling this matter is based in Nassau County.
As the stated basis for venue of this action in Queens is based upon the plaintiff law firm’s place of business, this court will first examine its claim for attorney’s fees under the third cause of action.
It has been held that Insurance Law § 5106 (a) which provides for a claimant for overdue no-fault benefits to recover "his attorney’s reasonable fee, for services necessarily performed in connection with securing payment of the overdue claim” was enacted for the sole benefit of the claimant.
As noted in Kaufman v Allstate Ins. Co. (NYLJ, Dec. 5, 1991, at 29, col 5 [citing Medicorp v Avis Corp., 122 Misc 2d 813, 814-815] ["No independent right would seem to reside in the attorney to collect that fee, apart and independent of the claimant. The statutory provision was enacted not to benefit attorneys, but to aid claimants who, absent the statute, would be liable for their own attorney’s fees. Plaintiff’s attorneys are not independent parties to the action entitled to lay venue upon the location of their own office”].)
Clearly, there is no basis for the third cause of action solely in the name of the plaintiff law firm and it must be dismissed.
Since the law firm is not properly a party, absent some other basis for venue or jurisdiction in Queens County, the first and second causes of action for payment of no-fault medical benefits should also be dismissed.
As further stated by the court in Kaufman v Allstate Ins. Co. (supra): "Since the defendant is a non-resident of the County of Nassau, the basis for jurisdiction must arise out of the transaction of a particular item of business or out of the *139 owning, leasing or possession of real property in the county (Coffman v. National Union Fire Ins. Co., 60 Misc 2d 81). Inasmuch as the underlying accident occurred in Queens County, the treating physician-plaintiff has her office in Queens County and both parties to the accident reside in Queens County, there is no basis on which to assert a claim for jurisdiction in Nassau County.”
As stated above, there is an insufficient showing of any basis, other than the location of the plaintiffs’ attorney’s office, upon which to claim jurisdiction in Queens County.