Harvey Family Chiropractic, Physical Therapy & Acupuncture, PLLC v Liberty Lines Tr., Inc. (2024 NY Slip Op 24113)

[*1]

Harvey Family Chiropractic, Physical Therapy & Acupuncture, PLLC v Liberty Lines Tr., Inc.

2024 NY Slip Op 24113

Decided on March 22, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Miscellaneous Reports.

Decided on March 22, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : LISA S. OTTLEY, J.P., CHEREÉ A. BUGGS, PHILLIP HOM, JJ

2023-277 K C

Harvey Family Chiropractic, Physical Therapy & Acupuncture, PLLC, 
 as Assignee of Drew McCloud, Respondent,
against
Liberty Lines Transit, Inc., Sued Herein as Country Risk Management Services, Appellant. 

Gottlieb Ostrager, LLP (Eric W. Ostrager of counsel), for appellant.
Law Offices of Chris McCollum, for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Jill R. Epstein, J.), entered February 1, 2023. The order denied defendant's motion to dismiss the complaint for lack of personal jurisdiction and, sua sponte, "transferred" the matter to "Westchester County Civil Court" and directed defendant to file an answer within 45 days.

ORDERED that, on the court's own motion, the notice of appeal from so much of the order as, sua sponte, "transferred" the matter to "Westchester County Civil Court" and directed defendant to file an answer is deemed an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CCA 1702 [c]); and it is further,
ORDERED that the order is modified by deleting so much thereof as, sua sponte, "transferred" the matter to "Westchester County Civil Court"; as so modified, the order is affirmed, without costs.
In this Civil Court, Kings County, action by a provider to recover assigned first-party no-fault benefits, plaintiff served Liberty Lines Transit, Inc. (defendant) with process by delivering a copy of the summons and complaint to the Secretary of State. Defendant made a pre-answer motion to dismiss the complaint on the grounds of lack of personal jurisdiction (see CPLR 3211 [a] [8]) and improper venue. In an affidavit in support of the motion, defendant's president stated that defendant is a resident of Westchester County with a physical office for [*2]service of process located in Yonkers. He asserted that defendant did not "transact any business or keep an office" in Kings County. Defendant's president further stated that the underlying motor vehicle accident occurred in Westchester County and that plaintiff was a resident of Westchester County and maintained an office in Yonkers where the subject medical services were performed. 
By order entered February 1, 2023, the Civil Court denied defendant's motion to dismiss the complaint and, sua sponte, "transferred" the matter to "Westchester County Civil Court" and directed defendant to file an answer within 45 days.
One of the issues on this appeal is whether service on the corporate defendant by serving the Secretary of State was proper in this Civil Court action. The Civil Court Act provides that, in order to properly obtain personal jurisdiction over a defendant, service of process shall be made in the same manner as in the Supreme Court except that "it shall be made only within the city of New York unless service beyond the city be authorized by [the CCA] or by such other provision of law . . . as expressly applies to courts of limited jurisdiction or to all courts of the state" (CCA 403). One example of permissible service outside of New York City in a Civil Court action is service pursuant to Business Corporation Law § 306 (c). That section provides that, where service of process is sought to be made upon a corporation in an action commenced in a court of limited jurisdiction, such as the Civil Court, service of process may be made upon the Secretary of State as an agent of the corporation "if the office of the . . . corporation is within the territorial jurisdiction of the court," here, New York City. Another example of permissible service outside of New York City is found in CCA 404 (b), part of the "long-arm" statute of the Civil Court Act. That section provides that, where there is a jurisdictional basis for exercising personal jurisdiction over a "non-resident" (CCA 404 [a]), service of process may be made upon such non-resident "in such manner and at such place, regardless of city or state lines, as would confer jurisdiction on supreme court in a like case" (CCA 404 [b]). Where service is sought to be made upon a corporation, CCA 404 (d) defines a corporation as being "non-resident" for purposes of the long-arm statute if service cannot be effected by personal delivery within New York City (see Woodbury Automotive Warehouse v Island Speed Auto Supplies, 155 Misc 2d 381 [Civ Ct, Richmond County 1992]). Thus, service of process upon a corporation in a Civil Court action could, under appropriate circumstances, include service upon the Secretary of State pursuant to Business Corporation Law § 306 (b) (1) (see CPLR 311 [a] [1]), provided that the cause of action satisfies a basis for jurisdiction set forth in CCA 404 (a), and Business Corporation Law § 306 (c) does not preclude such service (see Woodbury Automotive Warehouse, 155 Misc 2d 381).
In this case, defendant did not demonstrate that service on the Secretary of State was improper. The affidavit of defendant's president stated only that defendant did not conduct any business or have an office in Kings County. He did not state that defendant did not have an office "within the territorial jurisdiction of the [Civil C]ourt," i.e., the city of New York, and thus did not eliminate the possibility that service on the Secretary of State was proper pursuant to Business Corporation Law § 306 (c) or otherwise eliminate the possibility that service on the Secretary of State was proper pursuant to CCA 404 (see also Business Corporation Law § 306 [b] [1]). Consequently, defendant did not show, prima facie, that there was a lack of personal jurisdiction over defendant so as to warrant the granting of defendant's motion to dismiss.
Another basis for defendant's motion to dismiss the action is its claim that the action was [*3]brought in the wrong venue (see CCA 301). Defendant argued that Westchester County is the proper venue for this action and that the Civil Court cannot transfer the action outside the City of New York, and, therefore, the action should be dismissed. However, this court has previously held that "improper venue [in the Civil Court] is not a ground for dismissal" of the action (Sleepable Sofa, Ltd. v Henderson, 58 Misc 3d 160[A], 2018 NY Slip Op 50274[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018], citing CCA 306 ["The bringing of an action or proceeding in the wrong county shall not be deemed a jurisdictional defect . . . ."]; but see Medicorp v Avis Corp., 122 Misc 2d 813 [App Term, 1st Dept 1984] [holding that the Civil Court cannot transfer an action pending in its court beyond its territorial jurisdiction in the event of improper venue and dismissing the action instead]). In any event, defendant has not demonstrated that venue here was improper.
Pursuant to CCA 305 (b), for purposes of venue in the Civil Court, a corporation "shall be deemed a resident of any county wherein it transacts business, keeps an office, has an agency or is established by law" (cf. CPLR 503 [c]). Defendant contends that it has established, pursuant to this definition, that it is not a resident of Kings County, the county in which this action was brought, and notes that plaintiff's office is in Westchester County. Thus, defendant argues, neither party resides in Kings County and so venue here is not proper under CCA 301 (a), which provides for venue "in the county in which one of the parties resides at the commencement" of the action. Defendant further argues that venue is not proper under CCA 301 (b), which provides for venue "in the county in which one of the parties has regular employment or a place for the regular transaction of business," as neither party has such regular employment or place for business in Kings County. Moreover, defendant argues, venue is not proper under CCA 301 (c), which provides for venue "in the county in which the cause of action arose," as the underlying cause of action arose in Westchester, not Kings, County.
Contrary to defendant's argument, even if it had demonstrated that neither it nor plaintiff is a resident of Kings County pursuant to CCA 305 (b), defendant did not demonstrate that venue is improper pursuant to CCA 301 (a). Civil Court Act 305 (a) provides that "[i]f the plaintiff is an assignee of the cause of action, the original owner of the cause of action shall be deemed the plaintiff for the purpose of determining proper venue." It is undisputed that plaintiff in this action acts as the assignee of Drew McCloud. As defendant did not establish that Mr. McCloud did not reside in Kings County at the commencement of the action, defendant did not demonstrate, prima facie, that venue was improper pursuant to CCA 301 (a). 
We note that defendant also did not establish that dismissal was warranted pursuant to CPLR 327.
In view of the foregoing, we conclude that defendant's motion was properly denied. As defendant's motion did not seek a transfer of the action based on venue, we strike so much of the order as transferred the action to "Westchester County Civil Court."[FN1]

Accordingly, the order is modified by deleting so much thereof as, sua sponte, "transferred" the matter to "Westchester County Civil Court."
OTTLEY, J.P., BUGGS and HOM, JJ., concur. 

ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 22, 2024

Footnotes

Footnote 1: We note that, in so holding, we do not pass upon whether the Civil Court has the authority to transfer a case to a court outside the territorial jurisdiction of the Civil Court, as the Civil Court here purported to do (see NY Const, art VI, § 19, subd h; compare CCA 306, with UDCA 306; see generally Personnel Career Servs. v Pizza Huts of Dutchess County, 149 Misc 2d 729, 730 [App Term, 1st Dept 1991]; Medicorp v Avis Corp., 122 Misc 2d 813).