■ MICHAEL TRIPODI, an Infant by His Father and Natural Guardian, LOUIS G. TRIPODI, et al., Respondents, v STATE OF NEW YORK DORMITORY AUTHORITY, Appellant. — Appeal from order, Supreme Court, New York County (H. Schwartz, J.), entered September 17, 1980, unanimously dismissed, without costs. Order, Supreme Court, New York County (H. Schwartz, J.), entered October 31, 1980, which granted reargument but adhered to the determination of the order entered September 17, 1980 denying the motion of the defendant-appellant for a change of venue to Albany County, unanimously reversed on the law, without costs, and the motion granted. The plaintiff alleges an injury in the stairwell on the Albany Campus of the State University of New York (SUNY) in the area of buildings owned by the defendant-appellant State of New York Dormitory Authority. That defendant is a public authority of the State (Public Authorities Law, § 1677). The defendant moved for a change of venue from New York County on the ground that it was improper, and that the venue should be in the county in which the authority has its principal office, being Albany County. The record adequately establishes the principal offices of the State of New York Dormitory Authority to be in Albany County, and accordingly, the motion to change venue to Albany County is granted. Concur — Kupferman, J. P., Sandler, Sullivan, Carro and Fein, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY HOLMES, Appellant. — Judgment, Supreme Court, Bronx County (Silvermann, J.), rendered on October 17, 1980, unanimously affirmed. The case is remitted to the Supreme Court, Bronx County, for further proceedings pursuant to CPL 460.50 (subd 5). No opinion. Concur — Kupferman, J. P., Sullivan, Carro and Silverman, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERTO SANTIAGO, Appellant. — Judgment, Supreme Court, Bronx County (J. Rosenberg, J.), rendered on October 2, 1979, and judgment of said court (Hecht, J.), rendered on October 9, 1979, unanimously affirmed. Application by appellant's counsel to withdraw as counsel is granted. (See *Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no meritorious points which could be raised on these appeals. Concur — Birns, J. P., Sandler, Ross, Markewich and Bloom, JJ.