■ REBECCA W. TWINE, Respondent, v WALTER BELLING et al., Appellants.—In an action, *inter alia,* to recover damages for alleged legal malpractice, the defendants appeal, as limited by their brief, from stated portions of an order of the Supreme Court, Nassau County (O'Shaughnessy, J.), dated March 19, 1990, which, *inter alia,* denied their cross motion to compel the plaintiff to serve an amended complaint or a more definite statement of the plaintiff's cause of action *(see,* CPLR 3024 [a]), and awarded the plaintiff $500 in costs.

Ordered that the appeal from so much of the order as denied that branch of the defendants' motion which is for a more definite statement pursuant to CPLR 3024 is dismissed; and it is further,

Ordered that the order is modified, on the law and as a matter of discretion, to reduce the motion costs to be paid to the plaintiff to $100; as so modified, the order is affirmed insofar as reviewed; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

The denial of that branch of the defendants' motion which was for a more definite statement pursuant to CPLR 3024 is not appealable as of right (CPLR 5701 [b] [2]; *Weicker v Weicker,* 26 AD2d 39). In any event, the application was properly denied as untimely. Nor did the Supreme Court improvidently exercise its discretion in refusing to compel the plaintiff to amend her pleadings, and in suggesting that the defendants serve a demand for a bill of particulars upon the plaintiff to obtain the desired clarification of her claims. However, since CPLR 8202 provides that costs not exceeding $100 may be awarded on a motion, the motion costs must be reduced accordingly. Thompson, J. P., Brown, Eiber and Harwood, JJ., concur.