◼ IAN J. SEALES, as Administrator of the Estate of MARCIA C. SEALES, Deceased, Appellant, v METRO NORTH COMMUTER RAILROAD COMPANY, Respondent. [614 NYS2d 28] —In an action to recover damages for wrongful death, the plaintiff appeals from an order of the Supreme Court, Westchester County (Donovan, J.), dated December 23, 1992, which granted the defendant's motion to transfer the venue of the action from Bronx County to Westchester County and awarded the defendant $670 in costs.

Ordered that the order is modified, on the law, by reducing the costs to be paid to the plaintiff to $100; as so modified, the order is affirmed, without costs or disbursements.

Inasmuch as Public Authorities Law § 1266 (5) affords the defendant railroad, which is a corporate subsidiary of the Metropolitan Transportation Authority, the same privileges and immunities of the parent authority, CPLR 505 (a), which governs venue in actions involving public authorities, is applicable to this action (see, *Schaefer v Long Is. R. R.*, 112 AD2d 153). All of the facilities involved in this action are located in Westchester County and, under CPLR 505 (a), that is a proper venue.

While the Supreme Court did not improvidently exercise its discretion in awarding costs on the motion, since CPLR 8202

provides that costs not exceeding $100 may be awarded on a motion, the motion costs must be reduced accordingly *(see, Twine v Belling,* 173 AD2d 815). Thompson, J. P., Rosenblatt, Ritter, Friedmann and Krausman, JJ., concur.