■ CYNTHIA WALLACE, Respondent, v DORMITORY AUTHORITY OF STATE OF NEW YORK, Appellant, et al., Defendant. [16 NYS3d 818]—

In an action to recover damages for personal injuries, the defendant Dormitory Authority of the State of New York appeals from an order of the Supreme Court, Kings County (Schmidt, J.), dated August 15, 2014, which, in effect, denied its motion to change venue to Albany County from Kings County and, thereupon, changed venue to Queens County.

Ordered that the order is affirmed, with costs.

On August 6, 2013, the plaintiff, while working as an employee of a private security firm at a building in Jamaica, Queens, allegedly was injured when a rolling parking lot security gate malfunctioned. The subject property was owned by the defendant Dormitory Authority of the State of New York (hereinafter the Dormitory Authority), and occupied by a federal agency. In or about March 2014, the plaintiff commenced this action against the Dormitory Authority, among others, in the Supreme Court, Kings County. In April 2014, the Dormitory Authority interposed a verified answer and contemporaneously served upon the plaintiff a demand to change venue to Albany County on the ground that, by statute, Kings County was not a proper county. Shortly thereafter, the Dormitory Authority moved pursuant to CPLR 510 (1) to change venue of the action to Albany County. The plaintiff opposed the motion. In an order dated August 15, 2014, the Supreme Court, in effect, denied the motion and, thereupon, changed venue from Kings County to Queens County. The Dormitory Authority appeals, contending that the court should have changed venue to Albany County.

The Dormitory Authority is a public authority (*see* Public Authorities Law § 1677). "The place of trial of an action by or against a public authority constituted under the laws of the state shall be in the county in which the authority has its principal office or where it has facilities involved in the action" (CPLR 505 [a]). It is undisputed that Albany County is a proper venue for this action pursuant to CPLR 505 (a) since the Dormitory Authority's principal office is situated in that county (*see Tripodi v State of N.Y. Dormitory Auth.*, 82 AD2d 754 [1981]). It is further undisputed that Queens County is a proper venue pursuant to CPLR 505 (a), since the Dormitory Authority owns the subject property in Queens County where the plaintiff allegedly was injured (*see Seales v Metro N. Commuter R.R. Co.*, 205 AD2d 751 [1994]). Since the record indicates that neither party is prejudiced by venue being placed in Queens County, where the subject property is located, whereas the plaintiff potentially would be prejudiced if venue were placed in Albany County, the Supreme Court did not improvidently exercise its discretion in changing venue to Queens County.

The Dormitory Authority's remaining contentions either are without merit or have been rendered academic by our determination.

Accordingly, the Supreme Court properly, in effect, denied the Dormitory Authority's motion to change venue to Albany

County from Kings County and, thereupon, changed venue to Queens County. Dillon, J.P., Dickerson, Chambers and Barros, JJ., concur.