OPINION OF THE COURT
Per Curiam.
Order entered November 16, 1990, insofar as appealed from reversed, with $10 costs, and defendant’s motion denied.
In this breach of contract action venue was properly set in New York County, which was designated as the principal place of business of the corporate defendant in its certificate of incorporation filed with the Secretary of State (CCA 305 [b]). Nor did Civil Court act within its authority in granting a discretionary change of venue to Dutchess County District *730 Court "in the interest of justice”. CCA article 3 " 'is concerned only with venue within the Civil Court and changes of venue from one county to another between and among the five counties which comprise the Civil Court’ (Siegel, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, Judiciary — Court Acts, CCA 306 [at 112]) * * * [and] is not authority for transferring an action from one court to another” (Medicorp v Avis Corp., 122 Misc 2d 813, 815).
Riccobono, J. P., Parness and McCooe, JJ., concur.