■ Success Marketing Electronics, Inc., Respondent, v Titan Security, Inc., Appellant. [612 NYS2d 451] —In an action to recover damages for, *inter alia,* breach of contract, the

defendant appeals from an order of the Supreme Court, Nassau County (Saladino, J.), dated August 10, 1992, which denied its motion to dismiss the complaint.

Ordered that the order is reversed, on the law, with costs, the defendant's motion is granted, and the complaint is dismissed.

The defendant, a Florida corporation, facsimiled an order to the plaintiff, a New York corporation, to purchase certain goods. The plaintiff shipped the goods to the defendant in Florida, and the defendant sent the plaintiff a check for the purchase price. After the defendant learned that the goods did not meet its specifications, it notified the plaintiff by facsimile that it had stopped payment on its check. The plaintiff subsequently commenced this breach of contract action, and the defendant moved to dismiss the complaint on the ground, *inter alia,* that the court lacked personal jurisdiction over it.

We disagree with the Supreme Court's conclusion that it had obtained personal jurisdiction over the defendant pursuant to CPLR 302 (a) (1) and CPLR 302 (a) (3) (i). With regard to CPLR 302 (a) (1), the parties' contract was negotiated entirely by facsimile or mail, and all of the activities in New York relating to the contract were performed by the plaintiff. Thus, it cannot be said that the defendant transacted business within New York *(see, Spectra Prods. v Indian Riv. Citrus Specialties,* 144 AD2d 832; *Paradise Prods. Corp. v Allmark Equip. Co.,* 138 AD2d 470; *Cooperstein v Pan-Oceanic Mar.,* 124 AD2d 632; *J.E.T. Adv. Assocs. v Lawn King,* 84 AD2d 744). Moreover, since there is no allegation that the defendant committed a tortious act, CPLR 302 (a) (3) (i) does not apply. Accordingly, the complaint is dismissed. Bracken, J. P., Miller, Copertino, Santucci and Altman, JJ., concur.