■ DIANE BOLLING, Respondent, v METROPOLITAN SUBURBAN BUS AUTHORITY et al., Appellants. [614 NYS2d 35] —In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Zelman, J.), dated December 1, 1992, which denied their motion to transfer venue from Queens County to Nassau County.

Ordered that the order is reversed, on the law and the facts, with costs, and the defendants' motion to transfer venue from Queens County to Nassau County is granted; and it is further,

Ordered that the Clerk of the Supreme Court, Queens County, is directed to deliver to the Clerk of the Supreme Court, Nassau County, all papers filed in the action and certified copies of all minutes and entries (CPLR 511 [d]).

We find that the court improvidently exercised its discretion in denying the defendants' motion to transfer venue from Queens to Nassau County. Since the principal office of the defendant Metropolitan Suburban Bus Authority is located in Garden City, Nassau County was a proper place of venue *(see,* CPLR 505 [a]), and the plaintiff's opposition papers failed to establish that the convenience of witnesses required that venue should be retained in Queens County.

Although the plaintiff supplied the names and addresses of alleged potential witnesses, she failed to indicate that such witnesses had been contacted and were willing to testify on her behalf, to specify the substance of each witness's testimony, and to show that such testimony would be necessary and material upon the trial of the action *(see, Bell v Cusano,* 197 AD2d 382; *Moye v H.L. Green, Inc.,* 159 AD2d 242; *Greene v Hillcrest Gen. Hosp.,* 130 AD2d 621). The case of *Weissmandl v Murray Walter, Inc.* (147 AD2d 474), relied upon by the Supreme Court, is clearly distinguishable since, in that case, the plaintiff submitted sworn affidavits from seven eyewitnesses and her treating physician setting forth the necessary information to show that they would be inconvenienced by a

change of venue from Kings County to Rockland County. Mangano, P. J., Balletta, O'Brien and Florio, JJ., concur.