■ JENNIFER JOHNSON et al., Respondents, v METROPOLITAN SUBURBAN BUS AUTHORITY, Appellant, et al., Defendants. [617 NYS2d 369] —In an action to recover damages for personal injuries, the defendant Metropolitan Suburban Bus Authority appeals from an order of the Supreme Court, Nassau County (Roncallo, J.), dated May 12, 1993, which denied its motion to transfer venue from Queens County to Nassau County.

Ordered that the order is reversed, on the law and the facts, without costs or disbursements, the motion is granted, the Clerk of the Supreme Court, Queens County, is directed to deliver to the Clerk of the Supreme Court, Nassau County, all

papers filed in the action and certified copies of all minutes and entries (CPLR 511 [d]).

We find that the court improvidently exercised its discretion in denying the appellant's motion to transfer venue from Queens to Nassau County. Since the principal office of the appellant is located in Nassau County, Nassau County is the proper place of venue pursuant to CPLR 505 (a). Moreover, we find that the plaintiffs' opposition papers failed to establish that the convenience of witnesses required that venue should be retained in Queens County (see, Bolling v Metropolitan Suburban Bus Auth., 205 AD2d 724; Bell v Cusano, 197 AD2d 382). Bracken, J. P., Balletta, Ritter, Pizzuto and Florio, JJ., concur.