■ CONCRETE PIPE & PRODUCTS CORP., Respondent, v MODERN BUILDING MATERIALS, INC., Appellant. [674 NYS2d 496] —Order unanimously reversed on the law with costs, motion granted and complaint dismissed. Memorandum: Plaintiff, a New York corporation, commenced this action against defendant, a Wisconsin corporation, to recover damages arising out of the breach of an equipment lease. The representatives of the parties met at a trade show in Florida, where plaintiff agreed to lease to defendant certain construction equipment, including a concrete form. The lease was negotiated and consummated via mail, telephone and fax. Pursuant to the

agreement, plaintiff shipped the concrete form to defendant at defendant's expense. Defendant agreed to make monthly payments to plaintiff in New York and to ship the equipment back to plaintiff in New York at defendant's expense at the end of the lease term. It is undisputed that defendant does not conduct business in New York and neither sells products nor supplies goods or services within New York *(see,* CPLR 302 [a] [1]). Defendant moved to dismiss the complaint pursuant to CPLR 3211 (a) (8), asserting lack of jurisdiction. Supreme Court denied defendant's motion, holding that there was sufficient purposeful New York conduct to subject defendant to long-arm jurisdiction under the "transacts any business" test of CPLR 302 (a) (1). We reverse.

It is well established that a foreign defendant whose only contact with New York is the purchase of goods by telephone or mail from a New York plaintiff is not subject to long-arm jurisdiction *(Katz & Son Billiard Prods. v Correale & Sons,* 20 NY2d 903, *affg* 26 AD2d 52; *Success Mktg. Elecs. v Titan Sec.,* 204 AD2d 711, 712; *Pacamor Bearings v Molon Motors & Coil,* 102 AD2d 355, 356; *Galgay v Bulletin Co.,* 504 F2d 1062; *see generally,* Siegel, NY Prac § 86, at 126 [2d ed]). It makes no difference that this case involves a lease rather than a purchase, that the payments were transmitted to New York, or that the equipment was to be returned to New York at the end of the lease term. (Appeal from Order of Supreme Court, Onondaga County, Hurlbutt, J.—Dismiss Complaint.) Present —Denman, P. J., Lawton, Fallon, Balio and Boehm, JJ.