■ PROFESSIONAL PERSONNEL MANAGEMENT CORP., Doing Business as SPS MEDICAL SEARCH, Respondent, v SOUTHWEST MEDICAL ASSOCIATES, INC., Appellant. [628 NYS2d 919] —Order unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: Plaintiff, a New York personnel recruiting corporation, commenced this action against defendant, a company of medical providers located in Las Vegas, Nevada, to recover damages arising out of the alleged breach of the parties' contract whereby defendant agreed to compensate plaintiff for recruiting physicians. Plaintiff initially contacted defendant in June 1991 by telephone. The parties negotiated an agreement by telephone and subsequently entered into a written contract that was sent by plaintiff from New York to Nevada, where it was signed by defendant. Subsequently, written addenda to the contract were added in 1992 and 1993, which were also signed by defendant in Nevada. The physicians recruited by plaintiff were all recruited outside of New York. Defendant moved to dismiss the complaint pursuant to CPLR 3211 (8), asserting lack of jurisdiction. Supreme Court denied defendant's motion. We reverse.

Defendant's minimal contacts with New York are not sufficient to constitute the purposeful activity required for long-arm personal jurisdiction pursuant to CPLR 302 (a) (1). Interstate negotiations by telephone, facsimile or mail are insufficient to impose personal jurisdiction in New York upon a non-resident defendant *(Glassman v Hyder,* 23 NY2d 354, 363; *Concrete Pipe & Prods. Corp. v Modern Bldg. Materials,* 213 AD2d 1023; *Success Mktg. Elecs. v Titan Sec.,* 204 AD2d 711, 712; *Paradise Prods. Corp. v Allmark Equip. Co.,* 138 AD2d 470, 471-472; *J. E. T. Adv. Assocs. v Lawn King,* 84 AD2d 744).

Further, "plaintiff's own activities in New York, on behalf of defendant, cannot be relied on to establish the presence of the defendant in this State" *(J. E. T. Adv. Assocs. v Lawn King, supra,* at 745; *see, Success Mktg. Elecs. v Titan Sec., supra,* at 712). "Since [plaintiff's] cause of action did not arise out of defendant's activities within the State, jurisdiction may not be predicated upon any of the provisions found in CPLR 302" *(Sheldon Estates v Perkins Pancake House,* 48 AD2d 936, 937).

Plaintiff's contention that defendant is subject to personal jurisdiction because it was plaintiff's agent is without merit. A mere agency relationship is insufficient to support personal jurisdiction upon the principal *(Paradise Prods. Corp. v Allmark Equip. Co., supra,* at 472). Further, there is no showing that defendant had the requisite supervision or control to establish an agency relationship *(see, Paradise Prods. Corp. v Allmark Equip. Co., supra; Cato Show Print. Co. v Lee,* 84 AD2d 947, 949; *Del Bello v Japanese Steak House,* 43 AD2d 455, 457). (Appeal from Order of Supreme Court, Erie County, Notaro, J.—Dismiss Complaint.) Present—Green, J. P., Lawton, Wesley, Davis and Boehm, JJ.