OPINION OF THE COURT
Memorandum.
Order unanimously reversed without costs, motion to dismiss granted, and complaint dismissed.
In this consumer credit transaction, plaintiff seeks the sum of $2,288.97, plus attorney’s fees, for defendant’s failure to return a leased vehicle in the condition required under the lease agreement, to wit, excess mileage.
Prior to answering the complaint, defendant moved to dismiss because “the summons and complaint are jurisdiction-ally defective in that they fail to include the address of the plaintiff.” Based upon this omission, defendant maintained that there were “no factual allegations in the complaint upon which [the] court may determine that it has jurisdiction.” In the alternative, defendant sought “a change of venue in this consumer transaction to the County of the Bronx, where the defendant resides and where the transaction took place.” It was defendant’s position in the court below that there was no nexus to Nassau County, and that it was “suspicious” that plaintiff failed to annex a copy of the contract to the complaint.
The court, in denying defendant’s motion, stated that the failure of the summons to include plaintiffs address was of no consequence to this action. Moreover, the court stated that “CPLR 503 [f| gives two geographical choices for venue in a consumer credit transaction: the county of defendant’s residence or the county where the transaction took place,” and that defendant failed to refute plaintiffs allegation of the nexus between defendant and Nassau County.
At the outset, it must be noted that all parties, including the court below, mistakenly entertained the issue of venue. What defendant was actually seeking in her motion as alterna *817 tive relief was a transfer from the District Court, Nassau County, to the Civil Court of the City of New York, Bronx County. Thus, the provisions of UDCA article 3 are inapplicable inasmuch as the District Court, Nassau County, lacks the authority to transfer venue outside the County to the Civil Court of the City of New York (see, Personnel Career Servs, v Pizza Huts, 149 Misc 2d 729; see also, Fountainhead Caterers v Peck, 42 Misc 2d 330).
However, the issue in this case is one of personal jurisdiction.
In the complaint, plaintiff alleges that “[t]he subject transaction took place in Nassau County.” However, according to defendant’s affidavit in support of her preanswer motion, she “never set foot in Hicksville [Nassau County] nor agreed to be sued in another county, in violation of the consumer credit provisions.” Plaintiff’s vice-president attempts to refute this contention in an affidavit which states that plaintiff purchased the subject vehicle from a Bronx dealership and leased it to defendant. Plaintiff conducted the credit investigation of defendant in Nassau County, and approved the lease transaction. Moreover, the lease documents were prepared by plaintiff at its place of business in Hicksville, New York, and sent to the dealership along with plaintiff’s check for the vehicle. The defendant signed the documents which were returned to plaintiff in Nassau County, together with the title to the vehicle. Plaintiff then countersigned the lease and returned the executed counterpart to defendant. Further, throughout the 36 months of the lease, all payments were mailed to plaintiff in Hicksville, and proof of insurance and registration were also processed in Hicksville.
UDCA 404, the District Court’s long-arm statute, provides in pertinent part as follows:
“(a) * * * The court may exercise personal jurisdiction over any non-resident of the county * * * in the same manner as if he were a domiciliary of the state and a resident of the county, if, in person or through an agent, he:
“1. transacts any business within a district of the court in the county”.
It is well settled that “due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend ‘traditional notions of fair play and *818 substantial justice.’ ” (International Shoe Co. v Washington, 326 US 310, 316, quoting Milliken v Meyer, 311 US 457, 463.) Further, unilateral activity by the party claiming a relationship will not satisfy the minimum contacts requirement (see, Hanson v Denckla, 357 US 235).
In the case at bar, it is uncontroverted that plaintiff (a Nassau County company) was initially contacted by a car dealership located in the Bronx, New York, and that defendant is a resident of Bronx County. Thereafter, plaintiff prepared documents for a lease agreement with the defendant, and the dealership forwarded all documents via telecopier to Hicks-ville, New York. Defendant also sent all payments during the course of the lease to Hicksville for processing. This is the extent of defendant’s relationship with Nassau County.
Clearly, the mere application process for leasing a vehicle and the making of payments to a Nassau County address, without evidence of more significant activities by defendant in Nassau County, do not constitute sufficient minimum contacts for the establishment of long-arm jurisdiction (see, Katz & Son Billiard Prods, v Correale & Sons, 20 NY2d 903; Concrete Pipe & Prods. Corp. v Modern Bldg. Materials, 213 AD2d 1023; Success Mktg. Elees, v Titan Sec., 204 AD2d 711; see also, Bee-Low Wholesale Prod, v A. W. Mgt, NYLJ, July 2, 1996, at 29, col 4 [App Term, 9th & 10th Jud Dists]). In view of the foregoing, plaintiff has failed to establish long-arm jurisdiction over defendant. Thus, defendant’s preanswer motion to dismiss the complaint should have been granted and the complaint dismissed.
Floyd, J. P., Pallela and Levitt, JJ., concur.