OPINION OF THE COURT
Peter J. Kelly, J.
Since it appears that the prior decision of this court contained several typographical and grammatical mistakes, the court, on its own motion, recalls its decision of December 17, 1999 and substitutes the following in its place and stead.
Defendant, in this action to recover for unpaid no-fault benefits, moves to dismiss the complaint based upon forum non conveniens pursuant to CPLR 327 (a).
The defendant herein is a self-insured corporation engaged in the business of renting cars under the name of Enterprise Rent-A-Car. Plaintiff’s assignor, a resident of Kings County, was involved in a car accident on the New Jersey Turnpike while driving a car he rented from defendant. Plaintiff had submitted a “no-fault” claim with defendant for payment of medical services allegedly rendered to its assignor. The claim has not been paid, and plaintiff has instituted this action to recover payment for its services as well as statutory interest and attorney’s fees.
The defendant argues that this matter should be dismissed pursuant to the above statute in the interest of substantial justice since the plaintiff’s assignor does not reside in Queens County, defendant’s principal place of business is in Suffolk County, the accident occurred in New Jersey, and therefore the case lacks substantial contact with this County and court. *259 Plaintiff, on the other hand, opposes the motion arguing that the statute relied upon by the defendant does not apply in New York City Civil Court and that, in any event, venue is correct.
The relief requested by the defendant is not unique; in fact, motions to change venue of actions for reimbursement of no-fault claims are frequently interposed. However, the basis for the relief sought is unique. Most motions brought for a change of venue have been brought pursuant to CCA article 3 or CPLR article 5. Instead of instituting its motion pursuant to either of these two articles, defendant contends that CPLR 327 provides a mechanism for this court to dismiss this matter since, from the facts presented, it appears this action should have been commenced in either Kings County or Suffolk County.
CPLR 327 (a) provides as follows: “When the court finds that in the interest of substantial justice the action should be heard in another forum, the court, on the motion of any party, may stay or dismiss the action in whole or in part on any conditions that may be just. The domicile or residence in this state of any party to the action shall not preclude the court from staying or dismissing the action.”
Plaintiffs initial argument in opposition, that this statute does not apply in Civil Court, is not persuasive. CPLR 101 mandates that the CPLR shall apply to all civil proceedings “in all courts of the state * * * except where the procedure is regulated by inconsistent statute.” A search of the CCA reveals not only the nonexistence of an inconsistent statute but also a necessity for the statute’s applicability.
As a court of limited jurisdiction, the Civil Court may only transfer venue of an action, if found to be improper, to another county inside the territorial limits of New York City. To accept plaintiffs position would mean that this court would have little recourse where it is found that venue of a matter properly belongs outside New York City.
While mindful of the decision in Suffolk Chiropractic Ctr. v GEICO Ins. Co. (171 Misc 2d 855), cited in plaintiffs papers, this court declines to follow its reasoning since the focus of that court’s decision on the wording of the statute regarding residency “in this state” as opposed to a “county of this state” is unconvincing. A resident of any county of this State is, by necessity, a resident of this State and the wording is not unusual since the CPLR is designed to have State-wide applicability.
The statute plainly states that if a court finds an action should be heard “in another forum” (CPLR 327 [a], [emphasis *260 supplied.]) the court may take what actions it deems appropriate. While in an action brought in Supreme Court this would necessarily mean a different State, there is no reason why, by extension, it should not entail consideration of a more appropriate venue by a court of limited jurisdiction to a different forum in this State when required to ensure substantial justice is achieved.
Additionally, while not directly on point as the case involved both a transfer to another State and a ruling on the level of proof needed to sustain an allegation of residency, the Court of Appeals did not challenge the use of the doctrine of forum non conveniens by the Civil Court in dismissing an action pursuant to CPLR 327 (see, Rafter v Newark Ins. Co., 30 NY2d 819).
However, the fact that the statute is applicable in this court does not end the court’s inquiry. The next issue to be resolved is whether the Civil Court of the City of New York is a proper venue for this action.
In this case, defendant argues that venue does not properly lie in Queens County since Suffolk County is the County of defendant’s principal place of business. This is an argument raised on a consistent basis before this court despite the clear language of the CCA regarding the venue of actions brought against corporations in the Civil Court. CCA 305 (b) provides that a corporation is deemed a resident of any county wherein it transacts business, keeps an office, has an agency, or is established by law. Consequently the plaintiff, in opposition, urges that the motion be denied since defendant transacts business in Queens County and therefore can be considered a resident thereof.
Unfortunately, plaintiff has not submitted sufficient proof that this defendant transacts business in Queens County. Plaintiff relies on an affidavit from a claims representative employed by Elco Administrative Services, which sets forth an address in Queens. It is not clear, however, if the address listed is for Elco or ELRAC. While the court is obviously aware that an entity known as Enterprise Rent-A-Car transacts business in this County, plaintiffs papers do not establish a legal or factual relationship between this defendant and any of the Enterprise offices in this County.
Finally, the court also notes that while Enterprise Rent-A-Car transacts business in this County, it also transacts business in Kings County. Since an entity may legally have more than one residence, it appears that venue based upon the defendant’s residence may also be properly found in Kings County.
*261 For the reasons stated above, the court finds that while venue of this action does not properly lie in Queens County, venue based upon the plaintiffs, and perhaps the defendant’s, residence does properly lie in the Civil Court.
If defendant were seeking to dismiss this matter solely on the basis that venue more properly belonged in Kings County, or any other county within New York City, the motion would have to be denied since defendant could only obtain that relief pursuant to the venue provisions of the CCA. CPLR 327 is only applicable to situations where it appears venue more properly lies outside the New York City Civil Court. The issue remaining therefore is whether this matter should be dismissed in the interest of substantial justice on the ground that it should be heard in Suffolk County.
Defendant’s papers, though, do not provide a sufficient factual basis to satisfy the requirement for a transfer of this matter from New York City Civil Court to District Court in Suffolk County. Defendant has not sustained its burden in establishing how it would be disproportionately inconvenienced by litigating this matter in Civil Court, or how the District Court can better serve the convenience of the parties, nor has the defendant shown that there is, or would be, an undue hardship placed on the Civil Court if this matter were to be tried here (Islamic Republic v Pahlavi, 62 NY2d 474; Banco Ambrosiano v Artoc Bank & Trust, 62 NY2d 65; Varkonyi v S. A. Empresa De Viacao Airea Rio Grandense [Varig], 22 NY2d 333).
Accordingly, defendant’s motion to dismiss this action pursuant to CPLR 327 on the ground of forum non conveniens is denied.
However, since plaintiff has not established that defendant is a resident of Queens County and it appears venue properly lies in Kings County, the court, on its own motion pursuant to CCA 306, transfers this action from Civil Court, Queens County, to Civil Court, Kngs County.