■ ALBERTA & ORIENT GLYCOL COMPANY, LTD., Appellant, v FACTORY MUTUAL INSURANCE COMPANY et al., Respondents. [852 NYS2d 112]—

In this action for breach of contract based upon defendants' denial of coverage for plaintiff's losses under all-risk insurance policies covering plaintiff's chemical reactor facility in Alberta, Canada, the motion court properly determined that personal jurisdiction (CPLR 301) was lacking as to Great Lakes, Commonwealth and ACE INA, as they are not "engaged in such a continuous and systematic course of 'doing business' here that a finding of [their] 'presence' in this jurisdiction is warranted" (*Landoil Resources Corp. v Alexander & Alexander Servs.*, 77 NY2d 28, 33 [1990]). The record evidence also demonstrates that said companies' minimal contacts with New York are not sufficient to constitute the purposeful business activities required to subject them to this State's long-arm jurisdiction (*see* CPLR 302 [a] [1]; *Professional Personnel Mgt. Corp. v Southwest Med. Assoc.*, 216 AD2d 958 [1995]).

Even if personal jurisdiction was not lacking, the court providently exercised its discretion in dismissing the action as against all defendants on forum non conveniens grounds (*see* CPLR 327 [a]). The court considered the relevant factors, including the domicile of plaintiff and many of the defendants, the site of the loss, the location of records and files, the number of witnesses in Canada and in locations other than New York, and the fact that a related action is currently pending in the Canadian courts, and appropriately determined that Canada is the more appropriate forum (*see Islamic Republic of Iran v Pahlavi*, 62 NY2d 474, 479 [1984], *cert denied* 469 US 1108 [1985]; *see also Hbouss v Bank of Montreal*, 23 AD3d 152 [2005]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Nardelli, J.P., Williams, Sweeny and Catterson, JJ.