OPINION OF THE COURT
C. Stephen Hackeling, J.
Preferred Mutual Insurance Company (hereafter Preferred) makes an application to this court seeking either a venue transfer pursuant to CPLR 510 (3) or dismissal of the plaintiff, Scott Croce, D.C.’s (hereafter Croce) complaint pursuant to CPLR 327 (a). For the reasons hereafter stated, the application to dismiss this complaint is granted with leave to recommence same in an alternative forum subject to the provisions of CPLR 205 (a).
The Facts
In advancing its “forum non conveniens” dismissal motion, Preferred asserts that the undisputed relevant facts are that Preferred issued the subject no-fault automobile insurance policy in Buffalo, New York to a resident of Buffalo, New York. The subject accident occurred in Buffalo, New York. The injured *115 party resided in Buffalo, New York, and following the accident, the injured party was treated in Buffalo, New York. The injured party was examined via an independent medical examination in Williamsville, New York (a Buffalo suburb). The plaintiff treated the injured party in Buffalo, New York. Preferred denied the bills at issue by sending denials to the plaintiff at a Buffalo, New York address, and such denials were based on the opinion of a medical doctor located in Buffalo, New York. Croce commenced this action pursuant to UDCA 404 as Preferred maintains independent insurance business agents who conduct business on its behalf within the District. Preferred does not maintain a formal business office in the District and was served with the summons care of the New York State Insurance Department at 25 Beaver Street, New York, New York.
Issues Presented
Does the Suffolk County District Court have the power to transfer or dismiss an action between two New York State residents because it may be better litigated at a city court in Buffalo, New York?
Discussion
Preferred’s application is two pronged and seeks either dismissal pursuant to CPLR 327 or a transfer of venue pursuant to CPLR 510 to Erie County, New York.* The court will deal summarily with the CPLR 510 transfer request and deny same as it is statutorily prohibited from ordering a transfer outside its geographic jurisdiction by UDCA 306. (See Barco Auto Leasing Corp. v Wolf, 179 Misc 2d 815 [App Term, 2d Dept. 9th & 10th Dists 1999]; Personnel Career Servs. v Pizza Huts of Dutchess County, 149 Misc 2d 729 [App Term, 1st Dept 1991].) Section 101 of the CPLR expressly subordinates its general provisions to a conflicting alternative specific statute as contained in the UDCA. (See A&S Med. v ELRAC, Inc., 184 Misc 2d 257 [Civ Ct, Queens County 2000]; Neurologic Servs. v American Tr. Ins. Co., 183 Misc 2d 496 [Civ Ct, Bronx County 1999].) Even *116 absent a conflict with the UDCA, section 510 contemplates transfers within a court’s geographic jurisdiction. Erie County is outside this court’s territorial jurisdiction.
Forum Non Conveniens
The request for the invocation of the doctrine of forum non conveniens (hereafter FNC) is more problematic. As identified in several legal treatises, there presently exists split authority as to whether CPLR 327 FNC is available to inferior courts of limited jurisdiction such as City Civil Court and the various District Courts. (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, CCA 301, at 100; Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, UDCA 202, at 463; Siegel, NY Prac § 28 [4th ed]; Siegel, Civil Court Forum non Conveniens, 55 Siegel Prac Rev 3 [1997]; 1 Carmody-Wait 2d, NY Prac § 2:64, at 112; Haig, Commercial Litigation in NY Courts 3d § 3:27 [1 West’s NY Prac Series 2010]; see also Idrobo v Martin, 2003 NY Slip Op 51387[U] [2003].)
Judge Ritholtz of New York City Civil Court has opined that the applicability of CPLR 327 to inferior courts is questionable as its purview has historically been limited to Supreme Court practice; “enabling it to refuse to entertain out-of-State actions, involving nonresidents.” (Suffolk Chiropractic Ctr. v GEICO Ins. Co., 171 Misc 2d 855, 857 [Civ Ct, Queens County 1997]; see also generally Varkonyi v S.A. Empresa De Viacao Airea Rio Grandense [Varig], 22 NY2d 333 [1968].) This reasoning is consistent with the common law which existed prior to 1972.
FNC is a common-law doctrine which until 1952 allowed New York courts to abstain from entertaining personal injury cases involving nonresidents. (Bata v Bata, 304 NY 51 [1952].) As a result of the Bata decision, the Court of Appeals determined it had the authority and inclination to change the FNC common-law doctrine to allow for its utilization in contract and other cases. The one limiting prohibition to this equitable doctrine was the inflexible rule that FNC could not be invoked if a party was a New York resident. The Court of Appeals again amended and expanded the doctrine in January 1972 by opining that a party’s New York residency was not an absolute bar to FNC invocation (i.e., it was to be only one of many considerations). (Silver v Great Am. Ins. Co., 29 NY2d 356 [1972].) It is undisputed that the common law, including the Bata and Silver modifications, was enacted into statutory form in 1972 via the enactment of CPLR 327 which provides:
*117 “(a) When the court finds that in the interest of substantial justice the action should be heard in another forum, the court, on the motion of any party, may stay or dismiss the action in whole or in part on any conditions that may be just. The domicile or residence in this state of any party to the action shall not preclude the court from staying or dismissing the action.”
CPLR 327 was intended by the Legislature to be only a codification of the Silver rule, and was confirmatory in nature of the common law and not innovative. (Siegel, NY Prac § 28 [4th ed].) The complication presented is the fact that CPLR 327 utilizes the generic word “court,” without limitation, and indicates that this court does have the authority to dismiss the subject action. The dilemma presented is how does this court reconcile this inconsistent language with the Legislature’s intention to only codify, not amend, the common law which was utilized previously only by New York’s original jurisdiction Supreme Courts.
In contrast to the line of reasoning that FNC is not available to inferior courts is the line of cases first reported in Suriano v Hosie, wherein courts have determined that FNC is available to District Courts. (59 Misc 2d 973 [Nassau Dist Ct 1969]; Roseman v McAvoy, 92 Misc 2d 1063 [Civ Ct, NY County 1978]; A&S Med. v ELRAC, Inc., 184 Misc 2d 257 [Civ Ct, Queens County 2000].) This court concurs that the Legislature did not intend to expand the common law when it enacted the 1972 codification.
The determinative fact herein is exactly what was the FNC common law in 1972? Judge Kelly in the A&S decision correctly points out that the Court of Appeals, in a one-sentence decision (decided June 1, 1972), reversed the First Department, Appellate Division (which had reversed a City Court) and did not challenge the use of FNC in sustaining a Civil County Court dismissal. (See Rafter v Newark Ins. Co., 30 NY2d 819 [1972].) While inconsistent with the pre-1972 common law, it appears that the Court of Appeals, several months prior to section 327’s statutory enactment, again modified and expanded it, much as the High Court did in its Bata (1952) and Silver (1972) decisions. All three of these common-law amendments were thereafter codified into section 327. The Legislature in enacting statutes is presumed to be acquainted with the common law. (Transit Commn. v Long Is. R.R. Co., 253 NY 345 [1930].) Statutes in derogation of the common law are strictly construed *118 against change. (McKinney’s Cons Laws of NY, Book 1, Statutes § 301 [a]; see generally Bertles v Nunan, 92 NY 152 [1883]; Dollar Dry Dock Bank v Piping Rock Bldrs., 181 AD2d 709 [2d Dept 1992].) As such, the Legislature’s use of the generic word “court” in section 327 accurately codified the then existing 1972 FNC common law, which for several months had included inferior courts.
Having determined that the District Court has the discretionary authority to invoke the FNC doctrine; the court now turns to its appropriateness. The test to be applied is based in equity, is multipronged and is laid out in the Court of Appeals Bata and Silver decisions, as well as its decisions in Varkonyi v S.A. Empresa De Viacao Airea Rio Grandense (Varig) (22 NY2d 333 [1968]); and Martin v Mieth (35 NY2d 414 [1974]). In light of the undisputed facts presented, the court can think of no case under which a FNC dismissal by an inferior court would be more appropriate. Every single contact with this insurance dispute involves residents and actions occurring in Buffalo, New York. To not invoke FNC under these circumstances would effectively vitiate its purpose and existence.
Accordingly, Croce’s complaint is dismissed subject to the six months tolling provisions of CPLR 205.

 The court notes that, although “lack of personam jurisdiction” is asserted as a affirmative defense in its answer, the defendant has not moved to challenge plaintiffs assertion of long-arm presence jurisdiction in its present application. Subject to the possibility that this defense may have been waived, this court seriously questions the existence of personam jurisdiction. (See generally Diagnostic Rehab., Medicine Serv., P.C. v Republic W. Ins. Co., 2003 NY Slip Op 51458[U] [Civ Ct, Kings County 2003]; Mingmen Acupuncture Servs. v American Tr. Ins. Co., 183 Misc 2d 270 [Civ Ct, Bronx County 1999].)