New York City Tr. Auth. v City of New York (2025 NY Slip Op 51876(U))

[*1]

New York City Tr. Auth. v City of New York

2025 NY Slip Op 51876(U)

Decided on November 26, 2025

Civil Court Of The City Of New York, Kings County

Pacheco, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 26, 2025
Civil Court of the City of New York, Kings County

New York City Transit Authority, Plaintiff,

against
City of New York and NEW YORK CITY POLICE DEPARTMENT, Defendants.

Index No. CV-015225-24/KI

Counsel for Plaintiff: Bonnie Harper, Esq.
Counsel for Defendant: Anthony Franzolin, Esq.

Carmen A. Pacheco, J.

Recitation, as required by CPLR 2219(a) of the papers considered in review of this Motion: 
Papers                
Numbered
Notice of Motion and Affidavits Annexed 1,2
Answering Affidavits 3
Replying Affidavits X
Exhibits 4
Cross Motion X
Upon the reading of the foregoing cited papers and following oral arguments held on April 21, 2025 concerning the City of New York and the New York City Police Department's Motion to Change Venue pursuant to the New York City Civil Court Act § 306, and CPLR 504(3) and 510(3), the motion is resolved as follows:
This is an action against the City of New York and the New York Police Department claiming property damage resulting from a motor vehicle accident that occurred on May 8, 2023 [*2]in New York County. Plaintiff, New York City Transit Authority ("NYCTA") is a public authority and public benefit corporation. NYCTA is duly organized and existing under the Public Authorities Law of the State of New York 1200-1221 with its headquarters at 130 Livingston Street, Brooklyn, NY 11201. Defendants, the City of New York and the New York Police Department are municipal corporations existing under and by virtue of the state laws of New York. The NYPD principal office is located at 1 Police Plaza, New York, New York 10038.
To prevail on a motion to change venue, pursuant to CPLR 510(1), "a defendant must show that the plaintiff's choice of venue is improper, and also that the defendant's choice of venue is proper" (Williams v. Staten Is. Univ. Hosp., 179 AD3d 869, 870 [2d Dept 2020]). Under New York City Civil Court Act § 306, the civil court "may of its own motion," transfer an action or proceeding to a proper county where venue is improper (Towers v. Long Is. Props., 67 Misc 2d 1062 [Civ Ct, New York County 1971]). Additionally, when the Civil Court finds a matter to be improper, the action may only be transferred to another county within the territorial limits of New York City (see A&S Medical, P.C. v. ELRAC, Inc., 184 Misc 2d 257, 259 [Civ Ct, Queens County 2000]). Moreover, article 3 of the New York City Civil Court Act "is concerned only with venue within the Civil Court and changes of venue from one county to another between and among the five counties which comprise the Civil Court" (Personnel Career Services Inc. v. Pizza Huts of Dutchess County Inc., 149 Misc 2d 729, 730 [App Term, 1st Dept 1991]).
CPLR 504(3) provides that the place of trial in an action against the City shall be in the county within the city where the cause of action arose. This provision "implements the public policy of giving all due consideration to the convenience of public officials, and should be complied with absent compelling countervailing circumstances" (Rose v. Grow-Perini, 271 AD2d 210, 211 [1st Dept 2000]). However, the legislature promulgated a statute that governs where an action should be maintained for trial when a public authority is involved (see CPLR 505[a]).
Pursuant to CPLR 505 — Actions involving public authorities
(a) Generally. The place of trial of an action by or against a public authority constituted under the laws of the state shall be in the county in which the authority has its principal office or where it has facilities involved in the action.
(b) Against New York city transit authority. The place of trial of an action against the New York city transit authority shall be in the county within the city of New York in which the cause of action arose, or, if it arose outside of the city, in the county of New York (CPLR 505 [emphasis added]).
Here, NYCTA is a party to the instant action, so this court is required to apply CPLR 505(a) mandates. Since NYCTA's principal office is located in the county of Kings, proper venue for this action lies with the Civil Court of Kings County (CPLR 505[a]; Johnson v. Metropolitan Suburban Bus Authority, 208 AD2d 682 [2nd Dept. 1994]; Scales v. Metro North Commuter Railroad Company, 205 AD2d 751 [2nd Dept. 1994] [affirming decision that required trial to remain in Westchester County because defendant had its principal place of business in Westchester County]). Additionally, it is clear that the legislature intended to prevent litigants' unfettered forum shopping by establishing only two separate and distinct grounds for venue for [*3]actions involving public authorities (Schaefer v. Loner Island Railroad, 112 AD2d 153 [2d Dept 1985] [venue proper in county where facility involved in accident and place where cause of action arose]. 
Accordingly, it is hereby:
ORDERED that the City of New York and the New York City Police Department's Motion to Change Venue is DENIED.